Scott, J. We find several errors in the proceedings of the court below and will proceed to point them out. The suit was instituted for the recovery of an animal, which the plaintiff described in his declaration as'a “grey mare',” and to show property in himself he introduced several witnesses, who testified in substance on this point, that, some years before, the plaintiff had a sorrel mare colt fo aided with a white spot in her face shaped like the letter Y: that the colt had remained of this description until it was something over a year old, when it then commenced at the ears and head to turn grey, and that before it strayed off, which was not until it was two years old, it had become to be no longer a sorrel, but of “ a grey color formed of a mixture of white and sorrel heirs,” and that the white had disappeared from its forehead, and that the witnesses believed the animal in controversy to be the foal. Afterwards, in the progress of the trial, when the defendant was producing his testimony, “ he offered and proposed to prove by a witness that the plaintiff, on the day that he found the mare in dispute in possession of the defendant, inquired of the witness if he had seen his mare, representing her as having strayed away from him, and described her as being a sorrel mare with white in her face resembling the letter Y, and that the plaintiff, upon hearing of the mare in dispute being at defendant’s, on the same day went there and claimed her as hisbut the court refused to allow him to make this proof. Under the rule, “that all a man’s acts and declarations shall be admitted in evidence when they afford any presumption against him,” (2 Stark. Ev. 28,) it was certainly competent for the defendant to make the proof he proposed, for although it did not directly disprove, it certainly tended to disprove the plaintiff’s pretensions to property — directly at issue — by furnishing the ground of a fair presumption, which the plaintiff might or might not have repelled, and it was therefore error to refuse to allow its production to the jury. In another particular, touching the testimony, both in the instruction given in regard to it, and in the instructions asked and refused there was manifest error. The plaintiff, in the course of making out his case, proving demand of the animal in controversy, and the refusal of the defendant to deliver her, and in his endeavor to fix a; bailment on the defendant, introduced parol evidence (to,which no objection was interposed) tending to show that the defendant held possession of the mare as an estray, posted, by him as such, and afterwards one of the defendant’s witnesses also referred, to this posting, and no objection was interposed. Now, although, all this was secondary evidence of facts that, according to the rules of law, could have been proven, if objection had been interposed, only by the appropriate evidence of higher, grade, yet having been produced to the jury without objection made, it could not be complained of by the plaintiff, as-held in. Wallace vs. Collins, 5 Ark. 41; and as some of the testimony accompanying and connected with this secondary evidence was .strictly competent, none of it should have been rejected by the, court after other witnesses had been examined,'as no motion had been made to exclude it so soon as it was produced,.as,held iix Johnson vs. Ashley, 2 Eng. 473, consequently the court erred in instructing “ the jury that nothing that was said with regard .to the posting of the mare was evidence before the jury.” And also erred in refusing to instruct the jury as asked by the defendant, “ that if they find from the evidence, that the mare in dispute was posted by the defendant and held by him as an estray, before he was bound to deliver the same, it was necessary for the plaintiff to prove said property before a justice of the peace, and to procure an order from said justice, requiring the said defendant to deliver the same to said plaintiff, and also that he should then and there tender the fees for posting and keeping the said animal, and if the plaintiff fails, to produce this proof, the defendant was not bound to deliver the,.property, to the plaintiff, and they should find for the' defendant;^ as there was testimony properly before the jury on which this latter instruction would have been based. . .... The other instructions given to the jury, although in • some degree inaccurate, were substantially correct. ■ ■ The court properly refused to give the first and second instructions asked by the defendant. The third, although with some modification it might have been properly given, nevertheless, in the terms asked, was properly refused. Most of the instructions refused, were doubtless based on the construction given to the 5th section of the Replevin statute, Digest, 842, (sec. 30 of Rev. St.,) by this court in the cases of Pirani vs. Barden, 5 Ark. 81. Trapnall vs. Hattier, 1 Eng. 18, and Town vs. Evans, ib. 266. But in the more recent case of Beebe vs. DeBaun, 3 Eng. 563, where the proper construction of this section was fully before this court, and was more deliberately examined, that favored in the three cases cited so far as replevin in the detinet is concerned has been in a great degree overturned, and the remedy in cases of unlawful detention much untrammeled, and the field of its operation greatly enlarged, and with this latter construction we are satisfied. For the errors which we have pointed out in the case at bar, the judgment of the circuit court must be reversed, and the cause remanded to be proceeded in, not inconsistent with this opinion.