CASE 11—PETITION EQUITY—MARCH 18.

# Portsmouth Foundry and Machine Works v. Iron Hills Furnace and Mining Company.

APPEAL FROM CARTER CIRCUIT COURT.

BOND FOR COSTS MUST BE GIVEN BY NON-RESIDENTS AND CORPORATIONS BEFORE COMMENCEMENT OF SUIT.—If a plaintiff who is a non-resident or a corporation fails to give bond with surety for costs before the commencement of his suit, as required in section 3, chapter 26 of the General Statutes, his action shall be dismissed.

The court has no power to take such bond after the action has been instituted, without the consent of the defendant.

W. C. IRELAND, . . . . . . . . . . For Appellant,

CITED

General Statutes, chap. 26, sec. 3, p. 265.
Revised Statutes, chap. 25. sec. 3.
Civil Code, secs. 684, 685, 161.
10 Bush, 299, Broaddus v. Broaddus.

ED. F. DULIN, . . . . . . . . . . . For Appellee,

CITED

General Statutes, chap. 26, sec. 3, p. 265.
Revised Statutes, chap. 25, secs. 3, 5, 1 Stanton, 287.
Act adopting General Statutes.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The Portsmouth Foundry' and Machine Works, a foreign corporation, instituted this action in equity against the Iron Hills Furnace and Mining Company to enforce a lien upon the property of the latter for the payment of a large sum of money. The appellee, defendant in the action, appeared in court, by counsel, and moved to dismiss the petition for the reason that no bond had been given for the payment of costs; as required by section 3 of chapter 26 of the General Statutes. This section provides that "when a nonresident, or any corporation, shall institute an action in any court, whether suing in his own right or as the representative of another, he shall, *before* the commencement thereof, give bond, with surety resident in the state, payable to the defendant, to pay all costs that may accrue in consequence thereof, either to the opposite party or the officers of court." Section 5 of the same chapter provides that "if the plaintiff fail to give surety for costs, as required by the provisions of this chapter, his action *shall* be dismissed." Prior to the adoption of the General Statutes it was the practice under section 685 of the Code of Practice to permit the plaintiff in such a case to execute a bond for costs at any time before the judgment was rendered; or where a motion was made by the defendant to dismiss the action for a failure to give the bond, the court had the discretion, and very frequently exercised it, of allowing the plaintiff a reasonable time to obtain his surety and execute the bond. Under this practice the action necessarily progressed, and if the plaintiff failed to give bond within the time allowed by the court, defendant was often without remedy

for his costs already incurred.   Costs must also be incurred in many instances prior to the time at which the motion can be made.   In an ordinary action witnesses must be summoned when the matter is litigated, and in equity actions it sometimes happens that upon the answer being filed and notice given of the fact to the plaintiff, the case is prepared for trial at the first term of the court.   To remedy this defect in the practice and the better to secure the defendant who is litigating with non-residents or irresponsible corporations, the sections referred to were embodied in the General Statutes.   These sections operate as a repeal of the provisions of the Code of Practice, giving to the court a discretion upon the subject, and it is now imperative on the court to dismiss the action where the bond was not executed at its inception.   The bond tendered in this case made the appellee secure in all the costs; still the court had no power to take such a bond after the action had been instituted without the consent of the appellee.   The judgment of the court below dismissing the petition is affirmed.