JAMES A. HASKELL, JR., ET AL., *v.* JABEZ E. WYNNE & CO., ET AL.

Conveyance to Defraud Creditors—
>   Where a conveyance was made to defraud creditors, it will be set
>   aside at the suit of a judgment creditor where execution has been
>   returned nulla bona.

Rights of Creditors Whose Judgments Were Taken After Conveyance to
Defraud Creditors.
>   Judgment creditors, whose suits were filed after the debtor has
>   made a fraudulent conveyance to defeat his creditors, are entitled to
>   have such conveyance set aside, for actual fraud vitiates such trans-
>   actions as to all creditors, whether prior or subsequent.

Rights of Judgment Creditors Where There Has Been No Return of
Nulla Bona.
>   Where a number of actions have been brought to set aside a con-
>   veyance made to defraud creditors, in one of which the plaintiff has
>   caused execution to issue on his judgment, which has been returned
>   nulla bona, and such actions have been consolidated into one, plaintiffs
>   are entitled to judgments setting aside such conveyances, even though
>   there have been no executions on their judgments against the debtor,
>   where such debtor is admittedly insolvent.

### APPEAL FROM BOYD CIRCUIT COURT.

### January 11, 1877.

OPINION BY JUDGE PRYOR:

Without entering into a detailed statement of the facts appearing
in the record which have brought us to that conclusion, we concur
with the circuit court in holding that the transfer to James Haskell
of the note for $1,000, executed by Poague & Chambers, to J. A.
Haskell, and the conveyance of the several lots mentioned in the
judgment, were in fraud of the creditors of James A. Haskell. It
does not matter that the debts, or some of them asserted in these
suits, were created since the transfer and conveyance were made.
Actual fraud vitiates such transactions as to all creditors, whether
prior or subsequent.

McLean & Co. had obtained a return of no property on an execu-
tion issued upon a judgment in their favor against James A. Has-
kell, and instituted their suit under Sec. 474 of the Civil Code to ob-
tain satisfaction of their judgment; but the other plaintiffs had not
obtained either judgments or returns of nulla bona. By an amended
petition, filed after the cases were consolidated, all the plaintiffs
sought to bring the transfer of certain notes within the act of 1856,

to prevent fraudulent assignments for the benefit of creditors, but the court adjudged against them on that branch of the case. There is, however, no appeal from that judgment, and we need not consider that question.

Damrin & Co. also sought to have two mortgages, made by James A. Haskell, one to James Haskell and the other to P. C. Buffington, adjudged to be within the act of 1856. But Damrin & Co. were non-residents of the state and failed to execute a bond for cost, and the appellants, before answer, moved the court to dismiss that action because no bond was given. The court erred in overruling that motion (*Portsmouth Foundry & Machine Works v. Iron Hills Furnace & Mining Co.,* 11 Bush 47), and for that error the judgment of Damrin & Co. must be reversed, and we need not consider whether the mortgages referred to were within the act of 1856 or not.

The only remaining question, then, is whether those plaintiffs who had not obtained judgments and returns of nulla bona could maintain their actions to set aside the fraudulent conveyances. Prior to the adoption of the code of practice it was repeatedly held by this court that when there was no obstruction to the recovery of a judgment at law, a creditor could not maintain a suit in equity to set aside a fraudulent conveyance of the debtor's property until he had obtained a judgment and return of nulla bona. *Gilpin v. Davis,* 2 Bibb 416; *Allen v. Camp,* 1 T. B. Mon. 231; *Wickliffes v. Lyon,* 5 J. J. Marsh. 84; *Poague v. Boyce,* 6 J. J. Marsh. 70; *Moffat v. Ingham,* 7 Dana 495; *Halbert v. Grant,* 4 T. B. Mon. 580. And in *McKinley v. Combs,* 1 T. B. Mon. 105, it was held that a creditor, having a judgment and return of nulla bona on one demand, could not unite with it in a suit to set aside a fraudulent conveyance, another demand on which no judgment had been obtained.

At that time and up to the time of the adoption of the Code a court of equity had no jurisdiction upon a legal demand, unless there was some impediment in the way of proceeding upon it at law; and the rule that a return of nulla bona must precede a suit in equity to subject property fraudulently conveyed by the debtor was based upon the ground that until such return was made it did not appear that the ordinary legal remedies would not prove effectual; in other words, that the chancellor would not aid a party until it appeared that he was without adequate remedy at law, and that as respected the inability of the creditor to obtain satisfaction of his legal demand by legal proceedings and process, the only evidence deemed sufficient was a return of nulla bona.

These cases were all brought in equity, and were consolidated with the case of McLean & Co., who manifested a clear right to set aside the deed to James Haskell. Their execution had been returned nulla bona, and the fact that James A. Haskell had no estate out of which the debts due to other creditors could be satisfied was thereby established. Why, then, should other creditors be postponed and be subjected to the delay, and they and the debtor subjected to the additional cost necessary to obtain judgments at law and returns of no property, before proceeding to set aside the fraudulent deed and subject the property thereby conveyed to the satisfaction of their debts?

The chancellor may now entertain jurisdiction of a suit upon a purely legal demand, and render judgment in personam therefor, unless objection be made in the manner and at the time provided by law. No such objection was made in any of these cases; the insolvency of the debtor was admitted, and the only question to be tried was whether the conveyances attacked were fraudulent, and it would have been a needless circumlocution after rendering personal judgments in favor of the several plaintiffs, for their debts, to dismiss so much of the several petitions as sought to annul the fraudulent deed, in order that those plaintiffs might go through the form of issuing executions and having them returned no property, when in one of the consolidated cases there was such a return, and both the actual and legal insolvency of the debtor were admitted, and the deed was actually adjudged fraudulent as to the plaintiffs in one of the consolidated actions.

As the judgment of the circuit court conformed to these views, except as to the case of Damrin & Co., the same is affirmed. The judgments in favor of Damrin & Co. are *reversed* and the cause remanded as to them with directions to dismiss their petitions without prejudice.

*E. T. Dulin, for appellants.*

*Hampton & Hager, L. F. Moore, for appellees.*