1832.

BURGESS
*v.*
GREGORY.

---

### BURGESS *vs.* GREGORY.

---

A defendant may require security for costs at any stage of a suit from a non-resident complainant who resides out of the jurisdiction at the commencement of the suit and continues so.

---

IT appeared upon the face of the bill in this case that the complainant resided out of the jurisdiction. The suit had progressed as far as taking of exceptions to the defendant's answer.

Mr. *D. D. Field* now moved for an order requiring the complainant to give security for costs.

*November* 12, 1832.

*Practice.*
*Security for*
*Costs.*

BURGESS
v.
GREGORY.

Mr. *F. S. Kinney* opposed: insisting upon the delay as a sufficient objection; and that the application should have been made immediately after the opposite party had notice of the non-residence.

THE VICE-CHANCELLOR. I have examined the point now before the court with some care. It is desirable the practice should be settled.

According to early English cases, and as far back, in our own courts, as in the year one thousand eight hundred and fourteen, the defendant was required to make the application for security for costs (in a case where the complainant was a non-resident,) on the first opportunity after the defendant knew of the fact: *Long* v. *Tardy*, 1 *J. C. R.* 202, and also see *Goodrich* v. *Pendleton*, 3 *Ib.* 520. Any step afterwards was said to be a waiver of the right to such security. The only reason, if such it may be called, given for it is, that this is the established " practice;" no explanation is offered, and no cause or necessity for such a rule is shown.

The Revised Statutes, relating to security for costs from a non-resident complainant, contain no such restriction. The section is general in its terms—running thus: " The defend- " ant may require such plaintiff to file security for the pay- " ment of the costs that may be incurred by the defendant:" 2 *R. S.* 620, sect. 1 ; and then the statute goes on to fix the amount and how the security is to be given—while nothing is said as to *when* the recognizance must be required. I am in favour of allowing the application to be made at any stage of the suit.

I shall, therefore, hold in this case that the application is regular. Let the complainant give a bond in two hundred and fifty dollars, with sureties, pursuant to the Revised Statutes. I wish it to be understood, that the rule I here lay down is to apply where the party is non-resident at the time of commencing the suit and continues so.