## Sharp *against* Buffington.

The rule of this court authorizing the defendant to require security for costs applies where the plaintiff resided in this state at the institution of the suit, and afterwards left it to reside in another state.

THE tenth rule of this court directs, that in cases where the plaintiffs reside out of the state, in *qui tam* actions, in suits on administration or office bonds, or where the plaintiff, after suit brought, has been discharged under the insolvent law, the defendant, on motion and affidavit of a just defence against the whole demand, may have a rule for security for costs; and for want of such security at a time named by the court, judgment of non-suit will be entered, on motion.

In this case the plaintiff resided in the state at the institution of the suit, but afterwards left the state to reside in another; and the question was whether the case fell within the rule.

*D. P. Brown,* for defendant.
*Hazlehurst, contra.*

PER CURIAM. — The rule is silent as to the time when the residence out of the state must have commenced — whether before the inception of the action or after it. But residence out of the state, in the latter case, is strictly within the letter of the text, and why shall it not be deemed within the meaning of it? Because, as it is said, the rule provides in the analogous case of insolvency, only for the case of a discharge after suit brought. But in what other case could it operate? All pending actions, and previous causes of action, must have passed by the insolvent's assignment to his assignees; and it was not intended to make them give security for costs that might be recovered out of the insolvent's estate. That was obviously the reason for excepting causes pending at the time of the discharge; and actions brought subsequently, by the assignees themselves, would be within neither the letter nor the spirit of the rule. Beside, the provision is a remedial one, and to be extended, by a liberal construction, to all cases within the mischief intended to be remedied — danger of injury from the action of an irresponsible party.

Rule absolute.