STATE USE, &c. vs. LAWSON.

It is not necessary that a bond for costs, should be filed previous to bringing suit on the official bond of a sheriff, where the person for whose use it is brought resides in this State.

THIS was an action of debt, against James Lawson, on his official bond, as sheriff of the county of Pulaski, determined in Pulaski circuit court, in June, 1842, before the Hon. JOHN J. CLENDENIN, judge thereof. At the term to which the writ was returnable, Lawson moved to dismiss the suit, on the ground, that it was instituted "without any bond for costs being filed as required by law." This motion was sustained, and the suit dismissed by the court, and judgment for costs given in favor of the defendant against Smith, for whose use the suit is prosecuted: who therefore sued out and prosecutes this writ of error to revise said adjudication.

*Hempstead & Johnson*, for plaintiff. The statute with regard to costs, provides for giving bond in two cases: *First, Where the plaintiff or person for whose use the action is commenced, shall not be a resident of this State."* *Second*, Where the plaintiff has become non-resident after the commencement of his suit, or is unable to pay costs. *Rev. Stat. p.* 201, *sec.* 1, 2, 3. 3 *Ark. Rep.* 142. Where a suit is commenced for the use of another, the beneficial plaintiff is liable for costs. *Rev. Stat. p.* 295, *sec.* 27.

The legislature never intended to require of *residents of the State,* a bond for costs as a prerequisite to the *right of suing,* nor will any fair construction of the law warrant such an inference. It was intended to provide for the officers of the court, and the opposite party, where the plaintiff was beyond our process and jurisdiction, and furnish available security to those persons. But if the person for whose use a suit is brought, is a resident, there could be no reason for exacting a bond. The solitary expression of three lines, in the case of *Williams ex parte,* 4 *Ark. Rep.* 545, does not decide this question, and even if it were applicable in terms, it is not only *obiter dictum,* but unsustained by the letter or spirit of the law, as well as the former decisions of this court.

84 ·

The case of *Owings vs. Finley*, 3 *Ark. Rep.* 142, is an express authority to show, that no bond is required, where the plaintiff or person for whose use the action is commenced, is a resident of the State.

*Pike & Baldwin*, contra. The motion was based on the first section of the chapter on costs, in the Revised Statutes, which provides that "in all actions on office bonds for the use of any person, actions on the bonds of executors, administrators, or guardians, *qui tam* actions, actions on penal statutes, and in all suits in law or equity, where the plaintiff or person for whose use the action is commenced, shall be a non-resident of this State, the plaintiff or person for whose use the action is about to be brought," shall file bond for costs.

The construction of the section is obvious: in the suits specified, bond for costs is always necessary. In other suits, it is necessary only where the plaintiff, &c., is a non-resident, and so this court held in *Williams ex parte*, 4 *Ark.* 537.

*By the court*, RINGO C. J. By the record and assignment of errors, the single question is presented: Does the law require a bond for costs to be filed before the institution of a suit on the official bond of a sheriff, where the party for whose use the suit is instituted, resides in this State? This question, the defendant in error, insists has been ruled in the affirmative by this court, in the case *Williams ex parte*, 4 *Ark. Rep.* 537, where the court, treating of the proceedings in *prohibition*, says, "as it is a *qui tam* action, under our statute, a bond for costs must be filed, before or upon the filing of the declaration, which is the commencement of the action." This remark of the court, literally understood, certainly conveys the idea, that it is necessary in *qui tam* actions, to file a bond for costs, at the time of the institution of the suit, or prior thereto, notwithstanding the plaintiff resides in the State; but the question was not involved in the case then under adjudication, and the remark, therefore, would in any event be considered as *dictum* merely, not possessing the authority of an adjudication. We are well satisfied, however, that the court never designed to convey the idea, that the law in such case, required a bond for costs filed, unless the plaintiff was a non-resident of the State; in which event, it is

State use, &c. *vs.* Lawson.

perfectly clear, that such bond is required in that, as in every other class of cases. Yet if it had been so resolved, as urged by the defendant, it could have no influence upon this case, because this is neither a *qui tam* action, nor an action upon the bond of an executor, administrator or guardian, nor on any penal statute, and consequently, is not within the provisions of the statute, which, according to the argument of the defendant, require a bond for costs to be filed in all cases of that description; but it is embraced by the subsequent clause of the same enactment, which declares, that "in all suits in law or equity, where the plaintiff or person for whose use the action is commenced, shall not be a resident of this State, the plaintiff, or person for whose use the action is about to be brought, shall, before he institutes such suit, file in the office of the clerk of the circuit court in which the action is commenced, the obligation of some responsible person, being a resident of this State, by which he shall acknowledge himself bound to pay all costs which may accrue in such action." The language here quoted is clear and explicit, embracing unquestionably all cases not previously specified in the State, in which the plaintiff, or the person for whose use the suit is brought, does not at the time of the institution of the suit, reside in this statute. But upon mature consideration of the statutory provisions under consideration, we are well satisfied, that the true rule thereby prescribed is, that security for costs shall be provided by every non-resident plaintiff or party, for whose use any suit is brought, prior to or at the time of the institution of the suit; but when the plaintiff or the person for whose use the suit is brought, resides in the State at the time of the institution thereof, no such security is thereby required. *Rev. Stat. Ark. ch. 34, sec.* 1.

We are, therefore, of the opinion, that the court erred in dismissing this suit on the motion of the defendant, on the ground, that no bond for costs was filed by the party for whose use the suit is brought, prior to or at the time of the institution of the suit; and for this error, the judgment in this case pronounced, must be reversed, annulled and set aside with costs, the case be remanded to the court from whence it came, with instructions to that court to deny said motion, and proceed further in the cause according to law, and not inconsistent with this opinion.