## PALMER, USE &c., vs. HICKS.

The plaintiff, for whose use a suit is brought, is liable under the statute, for the costs; and, if a non-resident, is required to file a bond for cost before the institution of the suit.

Where a non-resident plaintiff brings a suit without filing bond for costs, and the defendant pleads that fact in abatement, but cannot prove the non-residence of the plaintiff, he is entitled to discovery from the plaintiff.

### *Appeal from Phillips Circuit Court.*

Hon. GEO. W. BEAZELY, Circuit Judge.

PALMER and WATKINS & GALLAGHER, for appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt brought by John C. Palmer, for the use of John B. Woodfin, against Lucretia M. Hicks, in the Phillips Circuit Court.

The action was founded on a writing obligatory, payable to Palmer, for the use of Woodfin.

The defendant filed a plea in abatement, alleging that Woodfin, for whose use the suit was brought, was a non-resident of the State, at the time the suit was commenced, and that no bond for costs was filed. The plaintiff took issue to the plea.

The defendant filed a petition for discovery, alleging the non-residence of Woodfin, but that she knew of no witness by whom she could prove the fact; and interrogating both Woodfin and Palmer in regard thereto.

The plaintiff interposed a general demurrer to the petition, &c. The court overruled the demurrer, and the plaintiff rested thereon. Thereupon, the court made an order, that both Palmer and Woodfin be required to answer the interrogatories, &c., con-

34c

tained in the petition, by the next term, or they would be taken as confessed; and the cause was continued.

At the next term, no answer having been filed, the allegations, &c., contained in the petition were taken as confessed; the issue to the plea in abatement submitted to the court, and finding and judgment for the defendant. The plaintiff appealed.

The appellant insists that a court of equity would not compel. a discovery to sustain a plea in abatement; and, therefore, the defendant was not entitled to the discovery sought by her petition, under the statute.

The statute provides, that: "Either party to a suit in any court of record shall be entitled to a discovery from the other party, of all matters material to the issue in such suit, in all cases where the same party would, by the rules of equity, be entitled to a discovery in a court of equity in aid of such suit." *Digest, chap.* 126, *sec.* 93, *p.* 810.

As a general rule, the defendant in any civil action may file a bill of discovery, to aid him in the defence of such action, where the discovery sought is shown to be material. *Story's Eq. Pl.*, sec. 324, *a.* 319, 845; *Lane vs. Stebbins,* 9 *Paige* 692; *March vs. Davison, Ib.* 580; *Many vs. Beekman Iron Company, Ib.* 188; *Adams' Equity,* 1 *to* 22. And the defence at law cannot be established by the testimony of a witness, or without the aid of the discovery sought. *Leggett vs. Postly,* 2 *Paige* 549; 1 *American Chancery Digest, p.* 293, *et seq.*

We have not been able to find any case where it was decided that a defendant in a suit at law was not entitled to a discovery in support of a plea in abatement. The authorities cited by the counsel for appellant are not in point. These authorities show, that as a general rule, a plaintiff in equity is entitled to a discovery from the defendant of the matters charged in the bill, provided they are necessary and proper to ascertain facts material to the *merits* of the plaintiff's case, and to enable him to obtain a decree. And so the same rule is stated by STORY, in his *Equity Pleading, sec.* 845.

But the rule in reference to obtaining a discovery in chancery, in aid of a defence at law, is generally stated in the books as we have given it above.

It is true, that the law court does not favor pleas in abatement, as they are not treated as pleas to the merits; and, perhaps, they are not more favorably regarded in a court of equity. But, though the failure of a non-resident to file a bond for costs before bringing suit in our courts, is treated as a matter in abatement, we are not warranted in saying that the defence is not meritorious. If there is any merit in the statute, there is merit in the defence.

The statute requires a bond for costs to be filed in all suits in law or equity, when the plaintiff, *or person for whose use the action is commenced*, is a non-resident of the State. *Digest, chap.* 40, *sec.* 1; *State, use &c., vs. Lawson*, 5 *Ark. Rep.* 665. The party for whose use the suit is brought, is liable for the costs. Same *chapter Digest, sec* 27.

The filing of the bond for costs is a pre-requisite to the right of the non-resident to sue in our courts; and if he chooses to commence a suit without filing such bond, and thereby to disregard the law, we know of no good reason why he should not be compelled to discover his non-residence, where the defendant is unable to prove it by a witness, as alleged in this case.

No other objection is made to the petition for discovery. It seems to be in good form, and sought the discovery of a matter material to the issue made up upon the plea. We think the court did not err in overruling the demurrer to the petition.

The question, whether Palmer, to whom the bond was made payable, for the use of Woodfin, and in whose name the suit was brought, was also liable for costs, does not legitimately arise in the case. The judgment is affirmed.