STATE *v.* ELI SIMONS and GUS ALLEN.

The term " Criminal action " and " Indictment " are used in the Constitution, and in the Code of Civil Procedure, as synonymous: *Therefore,* it would be equally regular to entitle a case upon the records of the Court, either as " The People *v.* A. B.—Criminal action," or the " State *v.* A. B.—Indictment."

INDICTMENT for ASSAULT and BATTERY before *Buxton, J.,* at ANSON Superior Court, Fall Term, 1872.

The defendants were found guilty. There was a motion in arrest of judgment, " that the prosecution having been instituted since the adoption of the present State Constitution and for an offence committed since its adoption, it should have been entitled ' a criminal action ' in the name of the people of the State, and should have been presented as a criminal action and not as an indictment under the old mode." Motion overruled, and defendant appealed.

*Bennett,* for defendants.
*Attorney General Hargrove,* contra.

BOYDEN, J. In this case a motion to arrest the judgment is made on the ground that the prosecution having been instituted since the adoption of the present State Constitution, and for an offence committed since its adoption; the case should have been entitled a *criminal action,* and not an indictment, as in the old form.

The following is a copy of the docket of the cause as it appeared at the time of the trial :

CRIMINAL DOCKET, No. 41.

State
    *v.*     } *Defendants plead not guilty.*
Simons & Allen. }

The counsel for the defendant, to sustain his motion, re-lies upon the following words in Article IV., sec. 1, of the Constitution: " Every action prosecuted by the people of the State as a party against a person charged with a public offence for the punishment of the same, shall be termed a *criminal action.*" We understand the counsel to insist that it is necessary that a criminal action should be docketed in the following form:

*Criminal Docket—Term* 18—.

The People
    *v.*     } Criminal action.
Simons & Allen. }

And that the criminal action, so far as the accusation sent to the grand jury is concerned should run in this wise. The jurors for the people of North Carolina upon their oaths present, and so on; and our attention is called by the counsel to the 12th section of the Bill of Rights, which would seem to militate against his views, and argues that as criminal offences which had been committed before, or where indictments were pending at the time of the adoption of the present Constitution must necessarily be govern-ed by the laws in force at the time of their commission, and that section 12 of the Bill of Rights is retained and re-fers only to such cases.

The counsel, to sustain his view of section 12 of the Bill of Rights, calls our attention to section 9, Article XIV., of the Constitution, which declares that all indictments which

shall have been found, or may hereafter be found, for any crime or offence committed before the Constitution takes effect, may be proceeded upon, in the proper Courts, but no punishment shall be inflicted which is forbidden by this Constitution; and he insists that section 12 of the Bill of Rights, in which the word "indictment" occurs, was meant, so far as the denomination indictment is concerned, to apply to offences committed before the adoption of the Constitution, and that while it is still necessary to employ a written accusation in all criminal proceedings, that such accusation would be denominated a criminal action, save in the cases covered by section one, Article XIV. The Court do not concur in this exposition of section 12 of the Bill of Rights. The language of this section will not warrant any such construction. No person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment; and then the 13th section contains this clause: "The Legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal." These provisions are manifestly prospective, and we think that beyond a doubt that now, as heretofore, no person can be put to answer any criminal charge, other than petty misdemeanors, but by indictment, presentment, or impeachment. We therefore think it clear that the terms *criminal action* and *indictment*, as used in the Constitution and in C. C. P., are synonymous.

Section 5 of the C. C. P. in defining a criminal action, uses these words: "A criminal action is, 1st, an action prosecuted by the *State*, as a party, against a person charged with an offence, for the punishment of the same; and 2d, an action prosecuted by the *State*, at the instance of an individual, to prevent an apprehended crime against his person or property." We think the foregoing expressions in the Constitution show that the terms the State, and the people of the State, mean substantially the same. It is true that the clause

in the old Constitution requiring that all indictments should; conclude, against the peace and dignity of the State, is omitted in the present Constitution ; we think that can make no. difference, and that it would be equally regular to entitle a. case either as the People against A B, criminal action, or the · State against A B, indictment.    But as we have so long been., accustomed to the latter form we still prefer it.

There is no error.

This will be certified, to the end that the Court below pro-. ceed to judgment and sentence according to law.

PER CURIAM.                          Judgment affirmed..