KELTY v. VALLE, *Appellant.*

**Practice:** POOR PERSON: SECURITY FOR COSTS: IRREGULARITY. An order, allowing the plaintiff to sue as a poor person, is, in effect, revoked by a subsequent order requiring him to give security for costs, and the absence of a formal order of revocation is not such an irregularity as will justify an appellate court in reversing the judgment of dismissal by the trial court for failure to furnish such security.

*Appeal from St. Louis Circuit Court.* The case was tried before HON. JAMES K. KNIGHT, one of the judges.

*A. W. Slayback* for appellant.

*Voullaire & Sternberg* with *J. C. Morris* for respondent.

HENRY, J.—On the 23rd of July, 1872, the plaintiff filed her petition in the circuit court asking to be allowed to sue as a poor person, and, on the same day, the court made an order to that effect. On the 27th of July, 1872, she filed her petition in the cause, and on the 18th of October, her amended petition. Afterwards, on the 23rd of January, 1875, at the December term, 1874, of said court, on a motion filed by defendant, alleging that plaintiff had become a non-resident of the State, the court made an order requiring her to file security for costs, within twenty days from the date of said order. At the February term, 1875, and on the 22nd day of February, the court, on motion, ordered said suit dismissed, because plaintiff had failed to file the security for costs required by its order made at the December term. At the April term, 1875, plaintiff filed her motion to set aside said order of dismissal, and reinstate the case, which the court overruled, and plaintiff appealed to the general term, which reversed the judgment, and defendant has appealed to this court. The order permitting the plaintiff to sue as a poor person was not irrevocable, and that requiring her to give security for

costs was, in effect, a revocation of the order allowing her
to sue as a poor person. The Statute, Sec. 2, Wag., 342,
expressly provides that "If, at any time after the com-
mencement of any suit by a resident of the State, he shall
become non-resident, &c., the court shall, on motion of the
defendant, or any officer of the court, rule the plaintiff, on
or before the day in such rule named, to give security for
the payment of the costs in such suit, and if such plain-
tiff shall fail on or before the day in such rule named, to
file the undertaking of a responsible person, being a resi-
dent of the State, whereby he shall bind himself to pay
all costs which have accrued or may accrue in such ac-
tion, the court may, on motion, dismiss the suit, un-
less such undertaking shall be filed before the motion is
determined." Here there was no undertaking of any one
to be responsible for the costs filed before the motion was
determined; nor did plaintiff, when she came and asked
the court to set aside the order of dismissal, offer to file
any such obligation. It was competent for the court to
rule her to give security for costs, and to dismiss the suit,
if she failed to comply with that order; and the only
ground she relies upon here, is, that there was no formal
order setting aside that by which she was allowed to sue as
a poor person. This was not such an irregularity as to
justify the interference of the appellate courts. There was
no abuse of the discretion confided by the law to the cir-
cuit court. The authorities cited by respondent fully sus-
tain the position that, if this were such an irregularity as
materially affected her interests, her motion to set aside the
order of dismissal was not made out of time, but no au-
thority has been cited which would countenance such an
interference by this court with the exercise of its discretion
by the circuit court, as is here asked. The ground relied
upon to sustain the action of the general term is a mere
technicality, and the order requiring the security for costs
was so complete a revocation in substance of the order al-
lowing the plaintiff to sue as a poor person, that it would

be a perversion of the doctrine of the authorities cited, to hold that the absence of a formal revoking order was such an irregularity as to constitute an error for which the judgment of the circuit court dismissing the cause should be reversed. All concurring, the judgment of the general term is reversed.

REVERSED.