## JOHN K. JONES et al.

*v.*

## WILLIAM H. KNAUSS.

A complainant who is a non-resident will not be required to give security for costs, if he is joined with a resident complainant.

On motion to discharge order.

*Mr. Benjamin C. Potts,* for motion.

*Mr. F. H. Pilch,* contra.

THE VICE-CHANCELLOR.

This is a motion to discharge an order requiring the complainants to give security for costs, and staying all proceedings until it be given. There are three complainants, two resident in this state, and the other a resident of Pennsylvania.

The practice seems to be settled against the defendant's right to security in such a case. A complainant who is a non-resident will not be required to give security for costs, if he is joined with a resident complainant. *1 Hoffman's Ch. Pr. 204; 1 Dan. Ch. Pr. 28; 1 Smith's Ch. Pr. 555; Winthrop* v. *Royal Ass. Co., 1 Dick. 282; Walker* v. *Easterby,* 6 *Ves.* 612. In the case last cited, the reason given by Lord Eldon for the rule is this : That where one of the complainants is within the jurisdiction, as each is bound for the whole costs, the defendant has security. There, there were two complainants, one resident within the jurisdiction, and the other not ; an order for security was obtained *ex parte,* and subsequently a motion was made to discharge it, on the ground that it had been improperly granted. Lord Eldon discharged it, but without costs.

The order in this case having been made contrary to the established practice, must be discharged.

NOTE.—Statutes requiring non-resident parties to actions to give security for costs, are constitutional, (*Nease* v. *Capehart, 15 W. Va. 299; Haney* v. *Mar-*

Jones *v.* Knauss.

*shall, 9 Md. 194; Conley* v. *Woonsocket, 11 R. I. 147;* see *Oatman* v. *Bond, 15 Wis. 20).*

The cases uniformly hold that where one of several parties is a resident, security cannot be demanded (*Anon. 7 Taunt. 307; Anon. 2 Cr. & Jer. 88, 1 Dowl. P. C. 300; Bawden* v. *Roe, 1 Hodges 31b; Thomel* v. *Roelants, 2 C. B. 290; Anon. Penning. 386; Jemison's Case, 31 Ala. 392; Thalman* v. *Barbour, 5 Ind. 178; Zimmerman* v. *Mendenhall, 2 Miles 402; Mayer* v. *Tyson, 1 Bland 564*); even when the resident party is insolvent (*McConnell* v. *Johnston, 1 East 431; Reddick* v. *Sinnott, 1 Hud. & Bro. 204; Peterson* v. *Smith, 5 Hal. 192; Pfister* v. *Gillespie, 2 Johns. Cas. 109; Ten Broeck* v. *Reynolds, 13 How. Pr. 462;* see *Wood* v. *Goss, 24 Ill. 626*).

The same rules apply where a suit is brought in the name of a non-resident plaintiff for the benefit or use of a resident (*Youde* v. *Youde, 3 A. & E. 311; Seward* v. *Wilson, 1 Scam. 192;* but see *Lewis* v. *Lewis, 25 Ala. 315; Bush's Case, 29 Ala. 50; Caton* v. *Harmon, 1 Scam. 581; O'Connell* v. *Rea, 51 Ill. 306*).

*Aliter,* where the suit is brought by a resident plaintiff for the use of a non-resident (*Buckmaster* v. *Beames, 8 Ill. 1; Smith* v. *Rosseter, 11 Ill. 119; Ingles* v. *Hume, 3 B. Mon. 33; Palmer* v. *Hicks, 17 Ark. 505;* but see *Charles* v. *Waterman, 2 How. Pr. 122; Morgan* v. *Hale, 12 W. Va. 713; Gookin* v. *Upham, 22 N. H. 38; Burker* v. *Hutchinson, 7 Ir. Eq. 508; Swift* v. *Collins, 1 Denio 659*).

Non-resident executors and administrators must give security (*Chamberlain* v. *Chamberlain, 1 Dowl. P. C. 366; Shaw* v. *Dempsey, Sau. & Sc. 628; Chevalier* v. *Fox, 1 Brod. & B. 277; Smith* v. *Sandford, 3 Ir. Jur. 253; Murfee* v. *Leper, 1 Overt. 1; Davis* v. *You, 43 Ala. 691; Newton* v. *Cocke, 10 Ark. 169; Murphy* v. *Darlington, 1 Code Rep. 85;* but see *Goodrich* v. *Pendleton, 5 Johns. Ch. 520; Crawell* v. *Littlefield, 2 Rich. 17*); or a non-resident guardian of an infant plaintiff, although some of the coplaintiffs are residents (*Ten Broeck* v. *Reynolds, 13 How. Pr. 462;* see *Landen* v. *Parr, 16 L. J. (Ch.) 269; Kerr* v. *Gillespie, 7 Beav. 269*).

A foreign corporation must give bond for costs, although many of its members are residents (*Limerick R. R.* v. *Fraser, 4 Bing. 394; Ross* v. *Hawey, 32 Ga. 388;* see *Mechanics Bank* v. *Goodwin, 2 Green 439; Washington R. R.* v. *Alexandria R. R., 19 Gratt. 592; Bank* v. *Jessup, 19 Wend. 10; Republic* v. *Erlanger, L. R. (3 Ch. Div.) 62*).

Non-resident plaintiffs may sue *in forma pauperis* (*Lisenbee Co.* v. *Holt, 1 Sneed 42; Porter* v. *Jones, 68 N. C. 320;* Contra, *Kelty* v. *Valle, 66 Mo. 601*).

In an action by a husband and wife, the husband, if resident abroad, must give security (*Hanmer* v. *Mangles, 12 M. & W. 313; Habgood* v. *Paul, 8 Ir. C. L. App. xxxiii.; Smith* v. *Sanford, 3 Ir. Jur. 253;* see *Cole's Case, 28 Ala. 50; Smith* v. *Etches, 1 Hem. & M. 711; Adams* v. *Waters, 50 Ind. 325; Haney* v. *Lundie, 58 Ala. 100; Ring* v. *Nettles, 3 Ir. Eq. 53*).

*Query,* as to the liability of the attorney of record for costs, where one plaintiff was a non-resident and the other a resident, and the latter died or went abroad *after* the suit was instituted (*Jackson* v. *Powell, 2 Johns. Cas. 67; Burgess* v. *Gregory, 1 Edw. Ch. 449; Searle* v. *Mann, 1 Miles 321; Hodson* v. *Mc-*

*Queen, 7 Ir. C. L. 288; Green* v. *Charnock, 1 Ves. 396; Gilbert* v. *Gilbert, 2 Paige 603; Habgood* v. *Paul, 8 Ir. C. L. App. xxxiii.; Rossell* v. *Inslee, 1 Hal. 475; Newman* v. *Landrine, 1 McCart. 291; Vance* v. *Bird, 4 Munf. 364; Leazar* v. *Cota, 43 N. H. 82; Haney* v. *Marshall, 9 Md. 194; Parsons* v. *Williams, 9 Conn. 236; Sharp* v. *Buffington, 2 Watts & Serg. 454; Philpot* v. *McArthur, 10 Me. 127; Weeks* v. *Cole, 14 Ves. 518; Anon. Dick. 775; People* v. *Oneida Co., 18 Wend. 652; Long* v. *Hall, 3 Sandf. 729; Button* v. *Hannibal R. R., 51 Mo. 153*).

Citizens of one state, authorizing a suit to be brought in another, are personally liable for the costs adjudged against them there, although they may never have been in the other state, and such judgment may be enforced at their domicil, *Walton* v. *Sugg, Phil. (N. C.) 98.*—REP.