## Dyer v. Shealer et al.

*J. Donald Swope* and *Richard A. Brown,* for plaintiff.
*Keith, Bigham & Markley,* for defendant.

SHEELY, P. J., September 30, 1939.—We have before us separate motions by each of the defendants for the entry of nonsuits because of the failure of plaintiff to enter security for costs, and a motion by plaintiff to revoke the order of court directing that security for costs be entered. The three motions will be disposed of in this opinion.

On July 18, 1938, plaintiff caused a writ of summons in trespass to be issued against the two defendants and on November 3, 1938, filed his statement of claim. On November 10, 1938, each defendant appeared and, alleging that plaintiff was a nonresident of Pennsylvania, and that defendant had a just defense against the whole demand of the plaintiff, prayed that an order be entered requiring him to enter security for costs. Rules upon plaintiff to show cause were granted upon these petitions, and on December 19, 1938, by agreement of counsel for plaintiff, were made absolute, and plaintiff was ordered to enter security for costs in the sum of $300.

On May 15, 1939, each defendant filed a motion alleging that the order of December 19, 1938, requiring security for costs, had not been complied with and prayed for the entry of a judgment of nonsuit. Rules upon plaintiff to show cause were issued, returnable June 12, 1939. No answers were filed by plaintiff to these rules, and on June 12, 1939, defendants moved that the rules be made absolute for want of an answer.

On June 1, 1939, plaintiff filed a petition for a rule upon defendants "requiring them to show cause why the order made by Your Honorable Court in this matter [requiring security for costs] should not be revoked and he be permitted to go ahead with his suit". The petition alleged that the order had been entered upon petition of defendant Shealer, and the order, prepared by counsel for plaintiff, provided for a rule upon L. Daniel Shealer only, and a rule was granted upon him, returnable June 12, 1939. To this rule defendant L. Daniel Shealer filed an answer. This petition and answer and defendants' motions for the entry of a nonsuit were then ordered upon the argument list.

Plaintiff has filed no brief and has called to our attention no authorities in support of his position and his procedure. He insisted at the oral argument that he considered the petition to revoke the order for security for costs sufficient, and as being filed in lieu of answers to

defendants' rules for nonsuit. He further insisted that plaintiff would be subjected to great hardship if a nonsuit were entered, as the statute of limitations would prevent the entry of a new action.

As the record stands there is an order upon plaintiff to file security for costs (agreed to by plaintiff's counsel, although he explains that the agreement was made without consent of his client and without knowledge on his part of his client's financial ability) ; non-compliance by plaintiff with this order; rules by both defendants for the entry of a nonsuit because of the non-compliance with the order by plaintiff—to which rules plaintiff has filed no answers; a petition by plaintiff to revoke the order to file security for costs entered upon the petition of defendant Shealer, to which defendant Shealer has filed a responsive answer denying the material averments; no replication filed by plaintiff to the answer; and no testimony by either party.

Rule 56 of the Rules of Court of Adams County provides:

"In cases where the plaintiff resides out of the State, in qui tam actions, in suits on administration and office bonds, the defendant, on motion, and affidavit of a just defense against the whole demand, may have a rule, that the plaintiff give security for costs at the next term; and for want of such security, the court, on motion, may order judgment of nonsuit to be entered." For a discussion of this rule see Kilmer et al. v. Groome, 6 Dist. R. 540 (1897).

Notwithstanding the order for security was entered on December 19, 1938, plaintiff permitted the January 1939 and the April 1939 terms of court to pass without complying with the order, or seeking to have the amount of bond reduced, or to be relieved of the necessity of filing security. Even if counsel did agree to the order requiring security without knowing plaintiff's financial condition (which would not invalidate the agreement or the order), there was ample time thereafter to attempt to correct the situation before plaintiff was in default. The present

attempt was not made until defendants sought to have judgments of nonsuit entered.

Answers should have been filed to the rules for nonsuit. While a revocation of the order requiring security to be filed, as prayed for in plaintiff's petition, would strike down all proceedings for a nonsuit under it, the two proceedings were entirely separate and distinct. Furthermore, the petition filed refers to one defendant only, and no rule has been taken as to the other defendant, who also would be affected by granting the prayer of the petition. Even if we should accept plaintiff's petition as an answer to the rules for nonsuit, plaintiff would still be in default as to the Hoffman-Minick Company.

Considering the petition to revoke as an answer to the rule for nonsuit, the reasons assigned therein for the inability of plaintiff to furnish the bond are: (a) That plaintiff was so severely injured and crippled by the accident that he has been unable to secure employment and has, at the present time, no income beyond that necessary to meet his living expenses; (b) that his legs, as a result of the accident, are impaired to such an extent that he is unable to use them; (c) that he has made every effort to obtain the bond of $300 in this case, but has been unable to do so; and (d) that he is unable to sue defendants in the State of New Jersey because of his inability to serve process on them, and the courts of Pennsylvania are the only courts open to him. The petition must be intended as an application to prosecute the action in forma pauperis; otherwise, it could have no effect. As such, it is wholly insufficient. It alleges the inability of plaintiff to secure employment and his inability to secure a bond. But it entirely fails to allege the reason for his inability to secure a bond, and fails to allege the all-important fact of lack of property or resources. From all that appears in the petition, plaintiff could be the owner of any amount of property the income from which is consumed by his living expenses, which could be in any amount.

In Promutico v. Brooks Co., 42 Pa. C. C. 490, the answer averred that plaintiff was a laboring man dependent upon his earnings for support, and that he was without sufficient property of any kind which would enable him to give security for costs. The allegations were supported by depositions. The court (Judge Sadler of Cumberland County) held that poverty would not excuse a nonresident plaintiff from giving security for costs, quoting the statement of the Supreme Court in Sharp v. Buffington, 2 W. & S. 454 (1841) : " 'the provision is a remedial one, and to be extended, by a liberal construction, to all cases within the mischief intended to be remedied—danger of injury from the action of an irresponsible party.' "

We would be inclined to follow the ruling of Judge Walling in Willis v. Willis, 20 Dist. R. 720, that "a plaintiff, whether resident or non-resident, who comes into court with a *prima facie* case cannot be turned out of court because of inability, through poverty, to give security for costs. . . . It is a less hardship for a successful defendant to lose his costs than for a poor plaintiff to be denied justice." The inability, through poverty, to give security for costs should be definitely established, however, and the discretion of the court should be exercised with a view to confine the privilege strictly to those who, having a substantial right to enforce or preserve, are unable otherwise to do so: 14 Am. Jur. 31.

The petition of plaintiff is wholly unsupported by testimony and, as we have shown, is insufficient in its allegations to establish the inability of plaintiff, through poverty, to give security for costs. Giving to the petition the effect desired by plaintiff, it is insufficient, aside from the other procedural matters, to relieve plaintiff's default.

And now, September 30, 1939, plaintiff's petition to revoke the order for security for costs is refused and defendants' rules for nonsuit are made absolute, and judgments of nonsuit are directed to be entered against plaintiff as to both defendants.