## Bower v. Bower

*William N. J. McGinniss*, for plaintiff.
*Axelroth & Porteous*, for defendant.

SLOANE, J., February 26, 1942.—Petitioner is the defendant in this equity suit by his former wife to enforce an alleged separation agreement. Plaintiff, a resident of California, filed her bill in equity and defendant filed an answer raising preliminary objections. The petition asks us to oblige plaintiff, as by

Equity Rule 81 we are authorized to do, the same as in actions at law, to enter security for costs in the action.

Petitioner alleges that he has "a full, true, just and legal defense to the whole of plaintiff's claim." Plaintiff challenges the timeliness of defendant's application and the propriety of its allowance in this case, since plaintiff has not sufficient means to obtain the necessary security.

It is agreed that if an answer had been filed to the factual merits, an answer to the allegations of the bill of complaint, the first point could not be raised. But I see no difference on this score between an answer to the merits and an answer on the law. They are both answers—one denies the claim because the facts are against it, and the other, because the law is against it. We of the bench who framed our rules must have perceived that. The bar will have to grant such perception. Otherwise we would say in those rules that a defendant cannot ask a nonresident plaintiff security for his costs unless and until defendant answers the allegations of fact in plaintiff's pleading. We did not say that; we said:

". . . the defendant, on filing an affidavit of defense in actions in which an affidavit of defense is required, and in other actions on filing an affidavit of a just defense to the whole of plaintiff's demand, may enter a rule for security for costs" (C. P. Rule 144); we knew there were two types of affidavits of defense that could be filed under the Practice Act of May 14, 1915, P. L. 483, secs. 12, 20, 12 PS §§411, 471—one that raised contrary facts and one that raised superimposing law. When we did not specify, we meant either. Defendant-petitioner's answer to the bill raising preliminary objections satisfies the requirements of our rules.

Unavailing is the contention of plaintiff's counsel that to require plaintiff to provide security would perpetrate an unjust denial of access to the court. Look

at it horizontally, and we see the point of the rule: if someone comes from outside the State to sue here, she should deposit defendant's costs or thereabout, so that if she has no just claim defendant will not have to pursue her elsewhere to get back what he had to spend to defend a baseless claim. There is nothing overreaching or unfair about that. It is a rule of protection to a resident defendant against a nonresident plaintiff: Sharp v. Buffington, 2 W. & S. 454 (1841) ; Promutico v. Brooks Co., 42 Pa. C. C. 490 (1914) ; and we do not see why it should not apply to a plaintiff whether former wife to the defendant or stranger. There is nothing in the rule providing for security for costs as between the pennyful and penniless. I, for one, would relax the rule if plaintiff pleaded poverty, for I agree with Walling, P. J., in Willis v. Willis, 20 Dist. R. 720 (1911), that ". . . a plaintiff, whether resident or nonresident, who comes into court with a *prima facie* case cannot be turned out of court because of inability, through poverty, to give security for costs." But, in view of a contrary opinion (Sadler, P. J., in Promutico v. Brooks Co., supra), the inability to secure costs should be clear (Dyer v. Shealer et al., 36 D. & C. 315, 318 (1939)), especially since the costs are not much. The averment of plaintiff's counsel of difficulty in obtaining a bond or possibility that none could be obtained is not inability. This does not constitute a sufficient allegation of poverty to relieve plaintiff. The practical, remedial purpose of the rule applies here and supports the petition.

The rule is made absolute.

### Order

And now, to wit, February 26, 1942, on consideration of the application by defendant for an order for security for costs, it is ordered and decreed that plaintiff give security for costs in the sum of $50, and that the proceedings be stayed until this order be complied with.