## Lindley and Another *v.* Kindall.

If at the term to which a rule on a non-resident plaintiff to give security for costs is returnable, the defendant without noticing the rule plead to the merits and go to trial, he waives the benefit of the rule.

In the course of drawing the names of jurors from the box for the Circuit Court, it was discovered that some of the persons whose names had been drawn, were not freeholders nor householders. The names of such unqualified persons were then rejected, the other names which had been drawn were again put into the box, and in the place of the rejected names, others were also put into the box. *Held*, that this proceeding was not objectionable.

There were two issues of fact, and the jury were sworn to try the *issue*. *Held*, that it was too late for the defendant, after verdict and judgment against him, to object to the informality of the oath to the jury.

ERROR to the *Crawford* Circuit Court.

Blackford, J.—*Kindall* brought an action of trespass for an assault and battery and false imprisonment, against *Lindley* and *Stallcup*.

At the term in which the declaration was filed, viz. the *April* term, 1834, the Circuit Court, on an affidavit of the non-residence of the plaintiff below, granted a rule on him to show cause at the next term, why the suit should not be dismissed for want of security for costs. At the following term, in *October*, 1834, the defendants, without any notice being taken of the rule respecting security for costs, pleaded the general issue and a plea in justification; and the plaintiff joined issue on these pleas. The jurors being called to try the cause, the defendants challenged the array, but the challenge was overruled. The jury were afterwards sworn to try the issue joined. Verdict and judgment for the plaintiff below.

The first objection made to these proceedings is, that no disposition was made of the rule relative to security for costs.

Nov. Term, 1836.

This objection has no foundation. The rule was waived by the defendants, in consequence of their paying no attention to it at the time it was returnable, or at any time afterwards during the progress of the cause.

The second objection is, that the challenge to the array should have been sustained. The following are the facts connected with the challenge. At the *May* term, 1834, of the county commissioners' Court, the · drawing of the names of persons as jurors for the Circuit Court, conformably to the statute, was commenced. After the clerk had drawn from the box the names of a number of persons, it was discovered that some of the persons whose names were thus drawn, were not freeholders or householders. The names of the unqualified persons were then rejected, the other names which had been drawn were again put into the box, and in the place of the names rejected, other names were also put into the box. The names of the legal number of qualified jurors were afterwards drawn. This proceeding of the commissioners in obtaining the names of the jurors, is not liable to any objection. The mode pursued, when the mistake mentioned was discovered, was perfectly correct.

The last objection to the judgment is, that the jury were only sworn to try the issue joined between the parties, when they should have been sworn to try the issues. This objection cannot be sustained.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs. To be certified, &c.

*H. P. Thornton,* for the plaintiffs.
*J. R. E. Goodlet,* for the defendant.