Judge Lane
delivered the opinion of the court:
The question for the decision of the court is, whether section 19 of the “act to regulate the action of forcible entry and detainer,” 29 Ohio L. 210, limits the proceeding under the act to the cases enumerated in that section. One of our most valuable elementary publications, Swan’s Justice of the Peace, 296, expresses an affirmative opinion upon this question. A contrary practice, however, has long obtained in this state, and our present examination leads us to hold this practice correct
Proceedings in forcible entry and detainer are not a remedy of the common law, but were given by statute. The first we find punishing such is in the 5 O. 2, c. 18; the first which seems to provide for the restitution of the lands to the ejected tenant, 8 Hen. 6, c. 9; but this object is more fully accomplished by later .statutes. The object in all these cases is, not to try the right, but -to repress force,' even where exerted under color of right, and to induce men to apply to the laws for relief, instead of seeking to do *406 themselves justice, especially by means which the law abhors. The entry or detainer must, therefore, be by force and strong hand, actual violence, or the remedy is not given by statute.. These words are essential, and mean, says Justice Gross, 7 Term, 308, something more than a common trespass.
Such was the state of the English law at the settlement of our state. Our first statute was adopted by the governor and judges from Massachusetts, in 1795. It is directed against those who make unlawful and forcible entry, and restitution is made, if the jury find the premises are held unlawfully, with force and a strong-hand. 1 Chase’s Ohio Stat. 188. “ It is clearly established (says-Dane) that in Massachusetts, even a right of entry is to be effected in a peaceable manner.” 4 Dane Abr: 732. And the English authorities show that if one having a right to enter, enter manu forti, be may be indicted, notwithstanding his right, and possession restored. 3 Salk. 170; 2 Salk. 450, 479. Our subsequent statutes contained the same substantial provisions. Such are the two statutes of 1805 (1 Chase’s Stat. 482) and 1819. 2 Chase’s Stat.. 1082. They are applicable to no other cases than those accompanied with actual force. The amendatory act of 1823 (Chase’s-Stat. 1248) first extended the remedy to the new *class of cases of tenants holding over, judgment debtors, and settlers without color of title. This amendatory act leaves unimpaired the-operation of the original statute, upon entries made by actual violence, and enlarges thé remedy, by bringing within its scope, a new class of cases, which-are not necessarily attended with force-. In tlie revision of 1824, the statute assumed, substantially, itspresont form. Its ancient office, to restrain entries or detainers by actual force, was conferred by the first, and its enlarged operation over the three additional cases was continued by section 14 of the revised act. Chase’s Stat. 1359.
We find nothing, then, in the history of these changes which countenances the opinion that section 19 of the present statute was intended to restrain the powers conferred in the first. On the contrary, the omission to provide some festinum remedium, to-entries upon land accompanied with force, and necessarily leading to a breach of the.peace, would leave a chasm in our legislation.
The complaint under examination shows an entry by force. The common pleas erred in reversing the proceedings, and their judgment is reversed