Snowden v. McDaniel.

The plea of *non est factum*, although not verified by affidavit, is a good plea to an action on a sealed instrument. The omission of the affidavit merely relieves the plaintiff from the necessity of proving the execution of the instrument; all other advantages of which a party can avail himself under that plea, are still open to him. (See Bates v· Hinton, 4, Mo. R. 78; Payne v. Snell, ib. 238.)

Snowden
v.
McDaniel

2. When a non-resident commences a suit, without giving security for costs, he may be permitted to file a bond for costs, after a motion is made to dismiss for want of such security. (See Gov. of Mo. v. Rector, 1, Mo. R. p. 638; Posey v. Buckner, 3, Mo, R. 604.)

Appeal from the Carroll Circuit Court.

Jones & Ryland for Appellant.

Ewing for Appellee.

*Opinion of the Court, delivered by Scott, Judge.*

McDaniel sued Snowden by petition in debt on a bond; judgment was rendered against Snowden, and he has brought the cause here by appeal. One of the errors assigned, is, that the court overruled the plea of *non est factum*, filed by Snowden. It has been repeatedly held, that the plea of non est factum, although not verified by affidavit, is a good plea to an action on a sealed instrument; the omission of the affidavit, merely relieves the plaintiff from the necessity of proving the execution of the instrument; all other advantages, of which a party can avail himself under that plea, are still open to him. The practice of the circuit court, in permitting motions to strike out pleas, to be substituted for demurrers, ought not to be tolerated. It is not conceived on what principle such a practice is founded. In this case, the plea of non est factum, was disposed of by motion, and no bill of exceptions having been taken to the action of the court below, according to the practice of this court, the error cannot be examined.

The plea of *non est factum*, although not verified by affidavit, is a good plea to an action on a sealed instrument. The omission of the affidavit, merely relieves the plaintiff from the necessity of proving the execution of the instrument; all other advantages of which a party can avail himself under that plea, are still open to him. (See Bates v.

It is, also, assigned for error, that the court below refused to dismiss the suit, because the plaintiff was a non-resident,

APRIL TERM. and had not given security for costs before commencing his
1842. suit. The court permitted a bond for costs, to be filed after
Snowden the motion to dismiss was made, and then overruled the mo-
v. McDaniel. tion. It has been determined by this court, that when a
Hinton, 4 Mo. non-resident commences a suit without giving security for
R. 78; Payne costs, he may be permitted to file a bond for costs after a mo-
v. Snell, ib. tion is made. Posey v. Buckner, 3d. vol. Mo. R. 604.
234.) Judgment affirmed.
When a non-
resident commences a suit without giving security for costs, he may be permitted to file a
bond for costs, after a motion is made to dismiss for want of such security. (See Gov.
of Mo. v. Rector, 1, Mo R. p. 638.) Posey v. Buckner, 3, Mo. R. 604.)