## Crawford's Heirs *vs* Kenley, &c.

### ERROR TO THE GARRARD CIRCUIT.

### *Costs. Non-residents. Practice.*

MOTION.

*Case 65.*

JUDGE BRECK delivered the opinion of the Court.

AT the August term, 1845, of the Garrard Circuit Court, on motion of the attorney of E. B. and Ephraim Smyth, who were sureties in a bond for costs for Crawford's heirs, lessors of the plaintiff in this action of ejectment, a rule was made upon them, or the plaintiffs in the ejectment, to give counter security on or before the calling of the cause at the next term, otherwise that their suit would be dismissed.

At the February term following, the plaintiffs having failed as required, to give counter security for the indemnity of the Smyths, the rule was made absolute and the suit dismissed without prejudice.

*June 11.*

Case stated.

CRAWFORD'S HS.
vs
KENLEY.

To reverse that order or judgment, this writ of error is prosecuted.

Had the order been made as recited therein, on motion of the *defendant's* attorney, we should have been inclined to regard it as an interference between the plaintiffs and their sureties, wholly unauthorized; a motion which the defendants had no right to make, and on that account erroneously sustained. But it appears from the bill of exceptions taken in the case, that the motion was made by the counsel of the defendants and for the sureties, which relieves the case from the objection otherwise apparent upon the face of the order.

In the case of *Crawford's heirs* vs *Robert Logan*, decided at the last term of this Court, a doubt is expressed in the opinion, whether sureties in a bond for costs could be relieved by this mode of proceeding, except under extraordinary circumstances. The grounds upon which the rule in this case was granted, do not appear, and no question, therefore, arises as to the propriety of granting it, unless upon the principle that under no state of case it would be authorized, which we are not prepared to admit. But upon other grounds, we think the rule was prematurely and erroneously enforced. The rule was made absolute and the suit dismissed under the following circumstances:

The counsel for the plaintiff resisted the motion upon the ground that E. B. Smyth, one of the sureties, was alone amply good as surety for the costs, and that since the rule was obtained he had been fully and satisfactorily indemnified as to the suretyship, and had expressly agreed to continue as surety. That he had so agreed since the commencement of that term of the Court, and had promised to be in Court at the calling of the cause, and give his consent to that effect; but for some cause, unknown to the counsel, he was not present. This statement of counsel, as he offered to verify it by affidavit, but the defendants did not require it, is entitled, we think, to the same consideration as if so verified. Under such circumstances the counsel for the plaintiff asked the indulgence of the Court until next morning, with an avowal if Smyth should not then appear and consent to continue.

A surety for costs for a non-resident plaintiff moved the Court to that effect, and had a rule on the plaintiff to give other surety on or before the calling of the cause at the next term. On the calling of the cause, the plaintiff alledged that the surety had been indemnified, and had agreed to continue as surety; but that he, though he had promised to be in Court and consent, from

surety, he would then give other ample surety or dismiss the case. The Court refused to grant the indulgence sought, made the rule absolute and dismissed the case.

There appears to have been no question as to the entire sufficiency of Smyth as surety. The motion came up in the after part of the day. Some other facts are stated in the bill of exceptions, but which do not materially change the aspect of the case as already presented. We are of opinion the indulgence asked was, under the circumstances, reasonable, and should have been granted, and that the Court erred in refusing it and rendering the rule absolute and dismissing the suit.

Wherefore, the order and also the judgment for costs is reversed, and the cause remanded for further proceedings.

*Bradley* for plaintiffs; *Turner and Harlans* for defendants.

some unknown cause was not present——asked until next morning to have him present, and the Court refused.— Held that the Court abused its discretion.