## SUPREME COURT.

GEORGE S. BUTLER agt. ELIJAH L. WOOD.

Under the statute, (2 R. S. 260, § 2,) the proceeding to obtain *security for costs,* when it is shown that the plaintiff has become a non-resident after the com-mencement of the action, can not be enforced by a defendant, where an order is standing that a writ of inquiry issue to ascertain the plaintiff's damages in the action.

Until the defendant gets rid of what amounts to an interlocutory judgment against him, he is in no condition to ask for security for costs; *non constat,* that he can ever be entitled to any.

*Ontario Special Term, August,* 1854.

ORDER that plaintiff file security for costs, or show cause, &c., founded upon affidavits tending to show that, after the action

was commenced, the plaintiff removed from his residence in the county of Monroe, in this state, to the state of Illinois, where he now resides. The plaintiff, in his affidavit, denies that he has changed his residence; and states that he went to Illinois on business, and has since returned to Monroe county aforesaid, where he now resides. That his absence from the state was temporary, and that his family has remained in Monroe county.

It also appears that the action is for slander; that the defendant demurred to the complaint; that the demurrer, after argument, was overruled at special term, with leave to the defendant to answer on payment of costs; that the defendant appealed from the order overruling the demurrer, to the general term, where the order was affirmed, with leave to the defendant to answer, on payment of costs of the demurrer and of the appeal. That in July, 1854, on showing these facts, and that the costs had not been paid, and no answer served, &c., the plaintiff obtained, at special term, an order that a writ of inquiry issue to ascertain the plaintiff's damages.

A. J. WILKIN, *for plaintiff*.

SIMEON B. JEWETT, *for defendant*.

WELLES, Justice. There is some doubt upon the affidavits, whether the plaintiff's absence was temporary or permanent, so as to make him a non-resident. The motion, however, is denied, upon the ground that the defendant is not in a condition to ask that security for costs be given. There is, what amounts to an interlocutory judgment against him. Until that is got rid of, he can never be entitled to judgment for costs against the plaintiff. All the defendant can attempt to do, until he shall obtain leave to answer, is, to reduce or mitigate the damages. The plaintiff will, in any event, be entitled to, at least, nominal damages, which, in this action, precludes the idea of the defendant recovering costs.

The proceeding to obtain security for costs is founded upon *Tit. II., Chap. X., Part III.,* of the *Revised Statutes,* (*Vol. 2,*

*p.* 260,) and the motion in this case is upon § 2 of that statute. It is claimed, that when it is shown that the plaintiff has become a non-resident after the commencement of the action, it is then a statute right of the defendant to require security. This, however, must be understood with some qualification; otherwise the defendant, after judgment perfected against him, might require that execution be stayed until security for costs was filed. This will hardly be contended. The statute must have a reasonable construction; and to require security for costs which the plaintiff can never be liable for, would be unreasonable.

If the defendant should get the default opened, and become entitled to defend the action, he would then, and I think not until then, be in a situation to ask for security.

The order to show cause is discharged, and the motion that the plaintiff file security denied, with $7 costs.