# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

## BOUCHER *a.* PIA.

*New York Superior Court; General Term, October,* 1861.
*Again, At Chambers, January,* 1862.

SECURITY FOR COSTS.—LACHES.—RENEWAL OF BOND ON INSOL-
VENCY OF SURETIES.

Where the defendant moved for security for costs, on the third day after he first
ascertained that the plaintiff was not a resident within the jurisdiction of the
court,—*Held*, that laches could not be imputed to him.

In an action to recover judgment for the possession of personal property, where
the plaintiff had filed an undertaking in the form prescribed in section 209 of
the Code, to obtain the immediate delivery of the property ; and the plaintiff
was a non-resident,—*Held*, that under 2 Rev. Stat., 620, § 4, the defendant was
entitled to have, in addition to the undertaking, security for costs, in the form
of a bond, in the penalty of $250.

Where a non-resident plaintiff has given security for costs under 2 Rev. Stat., 620,
§ 4, and the sureties become insolvent, the court has no authority to require new
or further security to be given.[*]

I. Appeal from an order requiring the plaintiff, a non-resi-
dent, to file security for costs.

This was an action to obtain the delivery of certain personal
property, valued at $150. The plaintiff had obtained the de-

---

[*] Compare The Slater Bank *a.* Sturdy, 31 *Ante*, 224.

livery of the property as a provisional remedy under the Code,
upon an undertaking; in the sum of $300, as prescribed in sec-
tion 209 of the Code.   The issues joined in the cause were re-
ferred to Michael Ulshoeffer, Esq.   On the trial it appeared
that the plaintiff was a non-resident.   The defendant, within a
few days thereafter, moved to compel the plaintiff to file se-
curity for costs.   The motion was granted, and the plaintiff,
pursuant to special leave obtained, appealed to the general
term.

*Orson A. House*, for the appellant.

*Edmund Yenni*, for the respondent.—I. The plaintiff is com-
pelled to file security for costs, under the statute.   (See Gelch
*a*. Barnaby, 7 *Abbotts' Pr.*, 19 ; 1 *Bosw.*, 657.)   The provisions
of the Revised Statutes, requiring security for costs, are not ab-
rogated by the Code.

II. The defendant is entitled to security for costs in the sum
of $250 by statute, and in all cases this amount must be over
and above the undertaking for any value of personal property
claimed in the action.   In this action the value of the property
is $150, and the undertaking given is only for $300, showing
clearly that the defendant is entitled to a further bond.

BY THE COURT.*—BOSWORTH, C. J.—On the 8th of July, 1861,
the defendant was first informed that the plaintiff was a non-
resident.   On the 11th of July, he obtained an order that secu-
rity for costs be filed in ten days after the service of that order;
or that cause be shown on the 19th of that month.   On the 23d,
after cause had been shown, the order appealed from was made.
That order requires security for costs to be filed, and stays
plaintiff's proceedings in the mean time.   The defendant was
not guilty of laches in not making his motion sooner, and there
is nothing to indicate that it was made merely for delay.   In
Rolinson *a*. Sinclair (1 *Den.*, 628), the order was moved for
merely for delay ; the defendant moved in July, 1845, and
there was no pretence that he did not. know in the previous
December, when the suit was commenced, that the plaintiff was
a non-resident.   In Florence *a*. Bulkley (1 *Duer*, 705), the defend-

* Present, BOSWORTH, Ch. J., WOODRUFF, ROBERTSON, and WHITE, JJ.

ant had been guilty of laches. In the case before us, laches cannot be imputed to the defendant.

The defendant is entitled to security for costs in the form of a bond in the penalty of $250. What is the amount of the undertaking given on bringing the suit does not appear; it is not shown to have been $250. It does not appear, therefore, that the defendant has security in any form in the sum of $250, for both the costs of the action and the return of the property taken. The security given, not being a sealed instrument, will outlaw in six years after a cause of action accrues against the surety. (*Code*, § 91.) Upon a bond, the liability will continue twenty years. (*Ib.*, § 90.)

In Rogers *a.* Hitchcock, a bond had been given, but for what amount is not stated. (9 *Wend.*, 462.)

The defendant could not maintain an action on a bond given under 2 Rev. Stat., 523, § 7, subd. 2, unless he recovered judgment in the action. The terms of the bond required by 2 Rev. Stat., 620, § 4, are broad enough to secure the payment of any interlocutory costs that may accrue.

But whether such costs are recoverable or not, we think the order is free from error, and should be affirmed.

---

II. Motion to compel the plaintiff, a non-resident, to file security for costs.

The plaintiff filed security for costs after the foregoing decision of the general term; and the sureties, upon exception, justified in the manner required by statute. The defendant now moved to compel the plaintiff to file further security, on the ground that the surety in the previous bond had become insolvent.

*Edmund Yenni*, for the motion.

*Orson A. House*, opposed.

MONELL, J.—The moving papers make out a clear case of insolvency, and there is no attempt on the part of the plaintiff to disprove it. If, therefore, I could find any power in the court to grant the relief the defendant asks, I should unhesitatingly give it. But the statute, which requires security for

costs in certain cases, contains no provision which authorizes the court to compel the filing of a second bond, upon the sureties in the first becoming insolvent. In an analogous case, that of a foreign corporation suing in our court, the N. Y. Common Pleas held, at general term, that there was no such power. (Hartford Quarry Co. a. Pendleton, 4 *Abbotts' Pr.*, 460.) Provision is made by law (*Code*, § 335) for new security on appeal, where the sureties have become insolvent. Without this provision, or before it became a part of the Code, the court had no power to compel further or other security. (Bettshoven a. Wheaton, cited by HOFFMAN, J., in Willett a. Stringer, 15 *How. Pr.*, 310.) It is to be regretted there should be an absence of power to authorize the court to compel further security in these cases; but the fault lies with the Legislature, and not with the courts. The latter must administer, not make the law.

Motion denied, but without costs.