## SHAW VS. WEBSTER.

*Practice in replevin :   Time to file security for costs.*

1. By sec. 90, ch. 133, R. S., plaintiff in replevin has twenty days to file security for costs, after notice of the order to stay proceedings on his part until it is filed; and the court cannot prescribe a shorter time.
2. The court ordered that plaintiff file such security in a shorter time, or that defendant have judgment; and, on the plaintiff's neglect to file the security within the time named, defendant called up the cause out of its order on the calendar, and took judgment; from which plaintiff, after filing security within the twenty days, appealed. *Held*, that it must be reversed.

APPEAL from the County Court of *Milwaukee* County.
The case is stated in the opinion.
*Butler & Cottrill*, for appellant.
*G. S. P. Stillman*, for respondent.

DIXON, C. J.   Appeal from a judgment of the county court of Milwaukee county, in an action of replevin originally commenced before a justice of the peace.   In the county court an order was made directing the plaintiff to file security for costs, staying proceedings on his part till he should do so, and giving five days in which to file security.   The order was served on the plaintiff's attorney on the same day it was made.   No security having been filed, the defendant, seven days afterwards, procured an order requiring the plaintiff to show cause, two days later, why he should not file security for costs, or, in default thereof, why the defendant should not have judgment of dis-

missal of the action, and for the return and value of the property in suit, with costs. On the day named in the last order, the plaintiff not appearing, the defendant took the case up out of its order on the calendar, and obtained judgment against the plaintiff and his sureties in the replevin bond, for the value of the property and costs of the action. Four days afterwards, and within twenty days after the making and service of the order directing the plaintiff to file security for the costs, the plaintiff complied with the order by filing with the clerk a bond in the form prescribed by the statute, and subsequently brought this appeal from the judgment.

It is obvious from this statement of facts, that the taking of the case up out of its order upon the calendar, and entry of judgment against the plaintiff pursuant to the order to show cause, was irregular. The plaintiff had, by statute (R. S., ch. 133, sec. 90), twenty days to file security after the notice of the order to stay proceedings; and the court could not, by rule or order, prescribe a shorter time. Any proceeding, therefore, or step taken by the defendant for want of such security before the expiration of the twenty days, was erroneous.

*By the Court.*—The judgment of the county court is reversed.