HENRY C. WALL, *et al. vs.* HENRY FAIRLY, *et al.*

1. In an action to recover the possession of realty, the Court has the power to allow the defendant to file a bond for costs, at the second Term after the answer has been filed; nor is it necessary that any of the defendants should sign such bond.

*Russell* v *Saunders*, 3 Jones 432; *McDowell* v. *Bradley*, 8 Ired. 92, *Cohoon* v *Morton*, 4 Jones 256, cited and approved.

Motion for judgment by default, heard before Buxton, J., at Fall Term, 1871, of Richmond Superior Court.

The action is to recover a tract of land, and was returnable to Fall Term, 1870, of Richmond Superior Court, when the complaint and joint answer of the defendants were filed.

At Fall Term, 1871, when both sides having announced their readiness for trial, the plaintiffs moved for judgment on the ground that the answer of defendants was a nullity, having been filed without their having first filed a bond for costs, or obtaining leave of the Court to answer without bond on certificate of counsel, and affidavit of inability, in compliance with the Act of Assembly.

The defendants asked the Court to allow a bond for costs to be filed instantly on the ground that the omission had occurred through inadvertence, and was then for the first time brought to their notice. This motion was granted, to which plaintiffs excepted.

Only one of the defendants being present the bond for costs was executed by him and two sureties who justified their solvency before the Clerk in open Court. The bond was also signed in the name of the other defendants by their Attorney, of record in the cause.

The bond being accepted and filed, His Honor refused the
25

motion made by plaintiffs for judgment by default, from which ruling the plaintiffs appealed.

*Moore & Gatling* for plaintiffs.
*W. McL. McKay* and *Thos. A. McNeill* for defendants.

BOYDEN, J. The question raised in this case is too well settled to be considered open to debate.

In the case of *Russell* v. *Saunders*, 3 Jones 432, Pearson, Judge, says: "We consider the point made in this case settled by *McDowell* v. *Bradley*, 8 Ired. Rep. 92. In that case the Court says, that although the proper bond was not taken at the proper time, yet the Court has the *power* to supply the omission, as was done, with respect to *certiorari* bonds in the case of *Fox* v. *Steel*, 1 Cal. Law Rep., 370. There is no reason (says the Court) why prosecution bonds, appeal bonds, and *certiorari* bonds, should not be put upon the same footing, such has been the uniform practice and understanding of the profession." So in this case as in the case of *Russell* v. *Saunders* the Court thinks that the offer to give a good bond, when the objection was taken at the second term after the answer had been filed, was a full answer to the plaintiffs motion. But in this case the Court is further of opinion, that the Court below did not err in accepting the bond tendered; as it was signed by two solvent sureties, who had justified, and that it was not necessary that any one of the defendants should sign the bonds, as they were liable for the plaintiffs' costs, in the event of his recovery, without signing the bond. *Cohoon* v. *Martin*, 4 Jones 256.

There is no error. This will be certified.

PER CURIAM.                Judgment affirmed.