STILLMAN, MARVIN & HALL *vs.* D. C. DUNKLIN & CO.

[APPEAL FROM ORDER DISMISSING SUIT BROUGHT BY NON-RESIDENT PLAINTIFF, FOR WANT OF SECURITY FOR COSTS.]

1. *Actions commenced by non-residents ; when should be dismissed.*—All actions commenced by or for the use of non-residents of this State, in the courts of the State, should be dismissed on motion unless security for costs be given previous to the issuance of the summons.
2. *Same ; no limit to right to move to dismiss.*—There is no limitation of time confining this motion to a particular term of the court in which the suit is pending. It may be made at any time before the trial, if the right is not waived.

APPEAL from the Circuit Court of Butler.
Tried before Hon. P. O. HARPER.

The opinion sets forth the facts.

HERBERT & BUELL, for appellants.
JUDGE & HOLTZCLAW, *contra.*

PETERS, J.—Upon the motion of the defendants in the court below, who are the appellees in this court, this suit, in the circuit court, was dismissed, because the plaintiffs were non-residents of this State, and had failed to give security for costs, as required by the statute, before

the commencement of the action. The proofs submitted on the motion showed that the suit was commenced on March 15, 1868, upon a promissory note made in this State on the 12th day of September, 1860, and became due in six months after date. The original papers in the case were lost or destroyed after the commencement of the suit; and at the fall term, in 1871, of the circuit court, after the issuance and service of the complaint and summons, the plaintiffs moved the court to substitute copies of the original papers in the cause, which had been destroyed, and at the same time the defendants moved to dismiss the action for want of security for costs. The evidence showed that the cause had been regularly continued from term to term up to the date of these motions, and that both parties had appeared, by their attorneys, in the court below, but no pleas had been actually pleaded by the defendants, and that they had appeared for the purpose of making the motion to dismiss, but no motion had really been made before that time. The court below dismissed the suit on the motion thus made, and taxed the plaintiffs with the costs. From this judgment they appeal to this court, and here insist, by way of error, that the failure to make the motion to dismiss at an earlier day in the court below, by the defendants, was a waiver of their right to do so.

The statute governing this branch of the practice of the circuit court uses this language : "All actions commenced by or for the use of a non-resident of this State, *must* be dismissed, *on motion*, by the court, unless security for the costs be endorsed on the complaint, or lodged with the clerk, previous to the issuance of the summons; and the costs which have accrued must be taxed against the attorney directing the summons to issue; but in case of attachments, such security may be given to and approved by the officer issuing the attachment, or endorsed with his approval upon the writ of attachment."—Rev. Code, § 2802, 2937. This is a peremptory command. Its meaning and purpose are perfectly clear from all doubt. The court has no discretion but to execute it, when called upon to do so

in the proper way; that is, on motion duly made in the cause by a party entitled to its benefit. This is such a right as this court will enforce by *mandamus* in a proper way.—*Ex parte Robbins*, 27 Ala. 71. There is no limitation in the words of the statute, defining when this motion shall or shall not be made. There is no rule of common law which supplies this defect. The language of the act is general. In such a case the court has no power to imply a limitation by construction. This would be equivalent to a judicial amendment of the law, which courts are not authorized to make. It is much safest to stand upon the language of the Code and its *purpose*, which is, that a non-resident plaintiff shall not be permitted to sue in our courts without giving security for the costs "previous to the issuance of the summons." A violation of this rule subjects the action to be dismissed "on motion." And as this language may cover and does cover the whole time that the cause is pending in court, from its commencement up to the trial, it leaves all this time for the motion to be made, unless it be waived.—3 Chitt. Gen. Pr. 54, 55, marg. Here the proofs show that there was no waiver of the right and none intended to be made. The learned judge in the court below so decided, and his judgment is free from error, and must stand.—*Harper v. Columbus Factory*, 35 Ala. 127.

The judgment of the court below is affirmed.