Shuttleworth *v.* Dunlop.

WILLIAM SHUTTLEWORTH

*v.*

JAMES DUNLOP.

If a defendant, after he has notice that the complainant is non-resident, takes any step in the cause, as, for example, if he asks for the continuance of an interlocutory motion, and afterwards proceeds to hearing on it, without objection, and procures its denial, he waives his right to security for costs.

On motion to dismiss bill

*Mr. P. S. Scovel,* for motion.

*Mr. C. A. Bergen, contra.*

Shuttleworth v. Dunlop.

VAN FLEET, V. C.

The defendant asks the dismissal of the complainant's bill, because he has failed to obey an order requiring him to give security for costs. The complainant answers that the defendant has waived his right to security, and as it now appears that the order for security was obtained after such waiver had occurred, he should not be compelled to obey it in order to save his suit. The bill is filed to set aside a will for incapacity and fraud in its pro-

NOTE.—Statutes authorizing courts to require security for costs from non-resident plaintiffs, are only cumulative, *Den* v. *Wilson*, 2 *South.* 680; *Newman* v. *Landrine*, 1 *McCart.* 291; *Kyle* v. *Stimson*, 13 *Sm. & Marsh.* 301; *Dyer* v. *Dunivan*, 3 *How. Pr.* 135; *People* v. *Oneida Common Pleas*, 18 *Wend.* 652; *Horn* v. *Thompson*, *Sau. & Sc.* 622. See *Moyers* v. *Moyers*, 11 *Heisk.* 495; *Kase* v. *Greenough*, 88 *Pa. St.* 403; *Pratt* v. *Fenner*, 8 *R. I.* 40.

Courts will not, of their own motion, order security from non-residents. *Hauser* v. *Smith*, 13 *Ind.* 532; *Jones* v. *Cox*, 1 *Jones* 373. See *Hickman* v. *Haines*, 10 *Ill.* 20. Nor are they, in every case, bound to order such security, *Robinson* v. *Sinclair*, 1 *Denio* 628; *Whitsett* v. *Blumenthal*, 63 *Mo.* 479; *Florence* v. *Bulkley*, 1 *Duer* 705; *Fearn* v. *Gelpcke*, 13 *Abb. Pr.* 473; *Woodward* v. *Stearns*, 11 *Abb. Pr.* (*N. S.*) 445; *Heeron* v. *Beckwith*, 1 *Wis.* 17; *Spalding* v. *Bainbridge*, 12 *R. I.* 244; *Fisher* v. *Bunbury*, *Sau. & Sc.* 625.

The motion must be made at the first opportunity, *Carpenter* v. *Aldrich*, 3 *Metc.* 58; *Whiting* v. *Hollister*, 2 *Mass.* 102; *Lovell* v. *Wardroper*, 4 *Prac.* (*Can.*) 265; *Samuelson* v. *Andrews*, *L. R.* (3 *Irish C. L.*) 575; *Kolbe* v. *People*, 85 *Ill.* 336; and has been held too late—

After a demand of particulars, *Johnson* v. *Glasier* (*MS.*), *Stevens's N. B. Dig.* 373.

After a plea in abatement, *Randolph* v. *Emerick*, 13 *Ill.* 344.

After a demurrer, *People* v. *Cloud*, 50 *Ill.* 439.

After an appearance and plea, *Lincoln* v. *Hancock*, 5 *Ark.* 703; *Kasten* v. *Plaw*, 1 *Moo. & P.* 30; *Clark* v. *Gibson*, 2 *Ark.* 109; *Fonville* v. *Richey*, 2 *Rich.* 10; *Duncan* v. *Stint*, 5 *B. & Ald.* 702; *Jacobson* v. *Carr*, *Cr. & Dix* 107; *Watson* v. *Chadwick*, 8 *Irish C. L.* 291; *Clapp* v. *Beach*, 3 *Me.* 216. See *Fletcher* v. *Lew*, 3 *Ad. & El.* 551; *Kimbark* v. *Blundin*, 6 *Bradw.* 539; *Wood* v. *Bell-isle*, 1 *Cham.* (*Can.*) 130; *Anderson* v. *Walsh*, *L. R.* (2 *Irish C. L.*) 303.

Although the plea was filed under protest, *Henry* v. *Hackett*, *Bl. D. & O.* 248. See *Bush* v. *Curran*, 9 *Irish C. L. App. xxx.*

After obtaining time to plead, *Eyre* v. *Dwyer*, *Sau. & Sc.* 653. See, further, *Gurner* v. *Key*, 3 *Dowl. P. C.* 559; *Wilson* v. *Minchin*, 2 *Cr. & Jer.* 871; *Dowling* v. *Harman*, 6 *M. & W.* 131; *Swanzy* v. *Swanzy*, 4 *K. & J.* 237.

After an answer, *Trustees* v. *Walters*, 12 *Ill.* 154; *Mayer* v. *Tyson*, 1 *Bland* 559 · *Dunning* v. *Dunning*, 37 *Ill.* 306; *Hay* v. *Power*, 2 *Edw.* 494; *Schaefer* v.

Shuttleworth *v.* Dunlop.

curement. The property in controversy consists almost entirely of houses and lots occupied by tenants. Shortly after the bill was filed, the complainant applied, by petition, for the appointment of a receiver. The petition, as well as the bill, disclosed the fact that the complainant resided in England. A copy of the petition was served on the defendant. The order to show cause why a receiver should not be appointed was returnable July 5th. On that day the defendant asked for a continuance

*Waldo,* 7 *Ohio St. 309.* See *Wyllie* v. *Ellice, 11 Beav. 99; Siedler's Case, 12 Sim. 106; Craig* v. *Bolton, 2 Bro. C. C. 609; Meliorucchy* v. *Meliorucchy, 2 Ves. Sen. 24.*

After the expiration of the time for answering, *Freel* v. *Trant, 11 Irish Eq. 278; Leckham* v. *Gresham, 2 Irish C. L. 139.* See *Alker* v. *Alker, 3 Irish Jur. (N. S.) 50; Beausang* v. *Condon, 13 Irish C. L. App. xxxvii; Smith* v. *Dey, 2 Ch. Cham. 456; Ganson* v. *Finch, 3 Id. 296.*

After exceptions to an answer, *Burgess* v. *Gregory, 1 Edw. 449.*

After a replication, *Long* v. *Tottenham, 1 Irish Ch. 127.*

After the close of the pleadings and publication of the evidence, *Foster* v. *Swasey, 2 Woodb. & M. 217.*

After notice to defendant to take a decree *pro confesso, Nolan* v. *French, 10 Irish Eq. 211.* See *Tucker* v. *Horseman, Smythe 90.*

After a judgment by default, *Day* v. *Wilcox, 2 McCord 454.*

After a writ of inquiry on an interlocutory judgment for plaintiff, *Butler* v. *Wood, 10 How. Pr. 313.*

After a decree to account, *Murphy* v. *Archdale, Sau. & Sc. 630; Paul* v. *Hill, 3 Tenn. Ch. 342.*

After an order for an injunction has been made absolute, *Foster* v. *Eyres, 7 Irish Eq. 633.*

After issue joined and notice of trial given, *Swan* v. *Mathews, 3 Duer 613; Florence* v. *Bulkley, 1 Duer 705; Boyce* v. *Bates, 8 How. Pr. 495; Montellano* v. *Garcias, 1 Bing. 67; Michel* v. *Pareski, 2 H. Bl. 593; Muller* v. *Gernon, 3 Taunt. 273; O'Grady* v. *O'Connell, 2 Irish Jur. 94; Vance* v. *Campbell, 1 Kerr 163; Du Belloix* v. *Waterpark, 1 Dowl. & Ryl. 348; Fogg* v. *Pypher, 3 Prac. (Can.) 309.* See *Shaw* v. *Wallis, 1 Yeates 176, 2 Dall. 179; Long* v. *Long, 1 Irish Ch. 618; Bentley* v. *Robinson, 4 Irish Ch. 37; West* v. *Cooke, 1 C. B. 312.*

After a continuance, *Harper* v. *Columbus Co., 35 Ala. 127; McVickar* v. *Ludlow, 2 Ohio 398; Lavange* v. *Burke, 50 Ala. 61.*

After the case has been called for trial, *St. Louis R. R.* v. *South, 43 Ill. 176; Beymer* v. *Endley, Tappan 166.*

After the jury has been sworn, *Wallace* v. *Collins, 5 Ark. 41; Frasure* v. *Zimmerly, 25 Ill. 202; Wheelin* v. *Kertley, Hardin 540; Thomas* v. *Tanner, 6 Mon. 54; Adae* v. *Zangs, 41 Iowa 536.*

After the plaintiff has closed his testimony at the trial, *Spencer* v. *Trafford, 42 Md. 1.*

Shuttleworth *v.* Dunlop.

for two weeks, in order that he might submit affidavits in answer to those annexed to the petition. A continuance was granted. On July 12th, the defendant obtained an order requiring the complainant to give security for costs, and served it soon afterwards. On July 19th, the application for a receiver was heard, without objection by the defendant, on affidavits submitted by both parties, and resulted in a denial, with costs to the defendant.

After the commencement of the argument, *Edwards* v. *Helm, 5 Ill. 143.*

After a trial, *Jeffersonville R. R.* v. *Hendricks, 39 Ind. 48, 41 Ind. 48; Lindley* v. *Kindall, 4 Blackf. 189; Weeks* v. *Napier, 33 Ala. 568.* See *Boucher* v. *Pia, 14 Abb. Pr. 1.*

After a verdict and judgment, *Davies* v. *Graham, 2 A. K. Marsh. 540; Grimball* v. *Mississippi R. R., 3 Sm. & Marsh. 38; Bohrs* v. *Sessions, 2 Dowl. P. C. 710; Paul* v. *Hill, 3 Tenn. Ch. 342; Furman* v. *Harman, 2 McCord 436; Flint* v. *Van Deusen, 24 Hun 440.*

After a motion for a rehearing, *Cator* v. *Collins, 2 Mo. App. 225.*

After a prayer for an appeal, *Hatton* v. *Weems, 12 Gill & Johns. 83.*

After an appeal, unless moved for below, *Adams* v. *Miller, 12 Ill. 27; Robertson* v. *Comrs., 10 Ill. 559; Coffey* v. *Collier, 12 Ind. 565; Cantelo* v. *Binns, 2 Miles 86; Ruckman* v. *Allwood, 40 Ill. 128; Howard* v. *Union Bank, 7 Humph. 26; People* v. *Common Pleas, 1 Cow. 576; Livermore* v. *Bond, 19 Vt. 607; Heflin* v. *Rock Mills Co., 58 Ala. 613; Duncan* v. *Richardson, 34 Ala. 117; Ogg* v. *Leinart, 1 Heisk. 40; Comstock* v. *Clemens, 19 Cal. 77; Meyer* v. *Wiltshire, 92 Ill. 395.* See *McLean* v. *Isbell, 44 Mich. 129; Ripley* v. *Morris, 7 Ill. 381; Ranney* v. *Stringer, 4 Bosw. 663; Grant* v. *Banque, L. R. (1 C. P. Div.) 143; Smith* v. *Lockwood, 34 Wis. 72; Moore* v. *Great Western R. R., Co., 9 Irish C. L. App. vi.*

In ejectment, applications after issue joined and before trial, have been deemed in time, *Den* v. *Wilson, 2 South. *680; Purvis* v. *Hill, 2 Hen. & M. 614; McDade* v. *Dafoe, 1 Cham. (Can.) 18;* but not after trial and verdict, *Jackson* v. *Bushnell, 13 Johns. 330.*

In some states, filing security at any time before trial is sufficient, *Cabell* v. *Payne, 2 J. J. Marsh. 134; Vance* v. *Bird, 4 Munf. 364; Lyons* v. *Long, 6 Ala. 103; Culley* v. *Laybrook, 8 Ind. 285; Sharp* v. *Miller, 3 Sneed 42; White* v. *Stafford, Breese 67; Stillman* v. *Dunklin, 48 Ala. 175.* Even after motion to dismiss for that cause, *Snowden* v. *McDaniel, 7 Mo. 313; Parks* v. *Goodwin, 1 Doug. (Mich.) 56; Dowell* v. *Richardson, 10 Ind. 573; Robinson* v. *Meyer, 25 Ark. 79.*

In Illinois it may be filed without leave of the court, *Baker* v. *Palmer, 83 Ill. 568.* See *Schaefer* v. *Waldo, 7 Ohio St. 309; Bullard* v. *Johns, 50 Ala. 382.*

After a time for filing security has been fixed, the court cannot extend it, *McCollum* v. *Massey, 2 Bail. 606; Portsmouth Works* v. *Iron Hills Co., 11 Bush 47; Alabama R. R.* v. *Harris, 25 Ala. 232; Burke* v. *Dillingham, 8 Rich.*

Shuttleworth v. Dunlop.

The rule is perfectly well settled that if a defendant takes any step in a cause, after he has notice that the complainant is a nonresident, he waives his right to security for costs. *1 Dan. Ch. Pr. 30; Anon., 10 Ves. 287.* Kinderley, V. C., in *Atkins* v. *Cooke, 3 Jur. (N. S.) 283* (the case is also reported in *3 Drew. 694*), said that the *least* step is a waiver. The following acts or steps have been held to amount to a waiver: Filing a demurrer, *Long* v. *Majestre, 1 Johns. Ch. 202;* taking an order for time to answer, *Goodrich* v. *Pendleton, 3 Johns. Ch. 520;* and obtaining an order extending the time within which the testimony should be closed, *Newman* v. *Landrine, 1 McCart. 291.* And it has even been held that where the defendant sent his answer to

*256.* See *Wright* v. *Haddock, 7 Dana 253; Haney* v. *Marshall, 9 Md. 194; Town* v. *Evans, 11 Ark. 9; Swainson* v. *Bishop, 52 Mo. 227; Wall* v. *Fairley, 66 N. C. 385; Irvins* v. *Mathis, 11 Humph. 603; Williams* v. *Connor, 14 S. C. 621;* nor order it filed within a shorter time than that limited by statute, *Shaw* v. *Webster, 21 Wis. 129.*

A continuance may be refused because the plaintiff filed his security so late that defendant was not ready to proceed, *Cox* v. *Hunt, 1 Blackf. 146;* but see *Jacobs* v. *Sale, 1 Va. Cas. 123; Hawkins* v. *Millbank, 4 Wash. C. C. 285.*

A court of error may reverse for an erroneous dismissal of a suit below, because security had or had not been filed, *Adams* v. *Miller, 14 Ill. 71; Besancon* v. *Shirley, 9 Sm. & Marsh. 457; Vance* v. *Bird, 4 Munf. 364; Crawford* v. *Kenley, 7 B. Mon. 253; Fogg* v. *Edwards, 57 How. Pr. 290; State, Fallon* v. *Layman, 46 Md. 190; Steamboat Empire* v. *Ala. Co., 29 Ala. 698; Moore* v. *Banner, 4 Ired. Eq. 293; Whitsett* v. *Blumenthal, 63 Mo. 479; Norton* v. *Bennett, 22 Hun 604; Eastman* v. *Godfrey, 15 Kan. 341;* but not where the allowance of such application is discretionary, *Papineau* v. *Belgarde, 81 Ill. 61; Campbell* v. *Garratt, 24 Ark. 279; Petitcler* v. *Willis, 99 Mass. 460; Adams* v. *Reeves, 76 N. C 412; Clapp* v. *Balch, 3 Me. 216; Perkins* v. *Reagan, 14 Ark. 47; Swan* v. *Matthews, 3 Duer 613; Modglin* v. *Slay, 11 Ark. 693; Davis* v. *You, 43 Ala. 691; Kelty* v. *Valle, 66 Mo. 601.*

A *mandamus* may lie to compel the inferior court to proceed aright, *Barnett* v. *Warren, Hardin 172; Cole's Case, 28 Ala. 50; Robbins's Case, 29 Ala. 71.* See *State* v. *Howe, 64 Ind. 18.*

The court should dismiss the rule, upon the defendant's application, *Mississippi R. R.* v. *Ballard, 3 Sm. & Marsh. 606.*

Plaintiff is entitled to the costs of the motion, if defendant move before demanding security, *Baillie* v. *De Barnelles, 1 B. & Ald. 331; Fletcher* v. *Lew, 3 Ad. & El. 551.*

The burden of showing that the motion is too late lies on the plaintiff, *Jones* v. *Jones, 2 Cr. & Jer. 207.*—Rep.

the clerk before he knew that the complainant was non-resident, but the clerk did not file it at once, and in the interval the defendant received notice of the complainant's non-residence, the filing of the answer after such notice, though the defendant believed it had been filed before, disentitled the defendant to security. *Dyott* v. *Dyott, 1 Madd. 109.* This ruling can only be defended on the ground that the clerk, in what he did, or omitted to do, should be regarded, not as a public officer, but as the agent of the defendant.

A proper regard for the rights growing out of an enlightened comity, requires the courts of this state to treat the citizens of other states or nations, who appeal to them for justice against our own citizens, with considerate liberality. A defendant, in case his adversary is non-resident, has an unquestionable right to security for costs, but inasmuch as it is a right which may be used to delay or obstruct justice, he should be required to insist upon it promptly, and to adhere to it persistently, or otherwise be held to have lost it.

In this case, I think it is clear that the defendant has taken such steps in this cause as, according to the settled rules of practice, disentitle him to security. The motion to dismiss cannot therefore, be denied.