[Cite as *Homeowners Assn. at Arrowhead Bay v. Fidoe*, 2014-Ohio-1469.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HOMEOWNERS ASSOCIATION AT ARROWHEAD BAY, | ) ) ) | |
| PLAINTIFF-APPELLANT, | ) ) | CASE NO.    12 MA 136 |
| VS. | ) ) | O P I N I O N |
| GREGORY FIDOE, et al., | ) ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas Court,
                                 Case No. 11CV729.


JUDGMENT:                        Eviction Action Dismissed.


APPEARANCES:
For Plaintiff-Appellant:         Attorney Matthew Giannini
                                 1040 South Commons Place, Suite 200
                                 Youngstown, Ohio  44514


For Defendants-Appellees:        Attorney Maurus Malvasi
                                 P.O. Box 353
                                 Girard, Ohio  44420


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                 Dated:  March 31, 2014

VUKOVICH, J.

{¶1} Plaintiff-appellant Homeowners Association at Arrowhead Bay appeals the decision of the Mahoning County Common Pleas Court denying the request to evict defendants-appellees Gregory and Lori Fidoe from a unit they occupied under a land contract with the unit owners, Derik and Michelle Overly, who were not named in the action. Pursuant to R.C. 5311.19(B)(1), an eviction action initiated by an association shall be brought by the association, as the unit owner's agent, in the name of the unit owner. For the following reasons, the eviction action is dismissed.

{¶2} The Homeowners Association at Arrowhead Bay, by and through its agent, Coconut Creek Enterprises, Ltd. filed the within complaint for forcible entry and detainer against Gregory and Lori Fidoe. They also asserted a cause of action for nearly $40,000 in money damages (mostly for daily association assessments for alleged violations of the bylaws on dog replacement policies and items in windows), interest, costs, and attorney fees.

{¶3} The Fidoes' answer asserted many affirmative defenses, including subject matter jurisdiction, standing, real party in interest, failure to join necessary parties, and failure to bring the action in the name of the unit owners (Derik and Michelle Overly) as required by R.C. 5311.19(B)(1). The Fidoes counterclaimed for breach of contract, retaliation, and intentional infliction of emotional distress through harassment.

{¶4} The forcible entry and detainer case was tried to a magistrate. A prior settlement agreement, which was not mentioned in the complaint, was provided as an exhibit. In it, the Fidoes agreed they are not the title owners of the unit until the title transfers, the Association agreed to provide the Fidoes with any notices related to the unit, the Overlys waived the right to receive notices from the Association, and the Fidoes and Overlys agreed not to raise that lack of notice to the Overlys as a defense in future proceedings. The agreement also contained a future violations clause, providing that the Association would follow the procedures in R.C. 5311.081 if it intends to impose charges for damages or an enforcement assessment.

**{¶5}** Prior to trial, the Fidoes moved to dismiss reasserting that the Overlys were required to be parties to the action. The Association claimed that the law and "the Condominium Section" provides the Association the right to evict any tenant. The magistrate opined on the record that, with regards to the unit owners, the Association's "Articles" permitted it to bring the eviction action on behalf of the unit owner. The magistrate released a decision on January 10, 2012, pointing out that it had allowed the action to proceed after overruling the Fidoes' arguments about the failure to bring the action in the name of the unit owners and the alleged improper notice to vacate. (The Fidoes had also asked to dismiss on the grounds that they were entitled to a ten-day notice but the notice purported to give only three days to vacate, citing R.C. 5311.19(B)(2), which provides that the association shall give the unit owner ten days written notice of the eviction action.) The magistrate's decision then denied the request for eviction based on the terms of the settlement agreement and the failure to give notice of alleged violations with an opportunity to cure.

**{¶6}** The Association objected to the magistrate's decision. Before doing so, they urged the trial court to accept the magistrate's finding that they could bring the action, urging that they had standing pursuant to R.C. 5311.19(B) and the Declaration of Condominium Ownership. (And, they urged the court to accept the magistrate's decision as to the ten-day notice to vacate, stating they waited to file the action until more than ten days after providing the notice, it was merely a contractual requirement rather than a statutory requirement, and it was not properly raised in the answer because the answer only mentioned an inapplicable statutory notice requirement.) As for the actual objection, they essentially disagreed with the findings regarding the Fidoes' compliance and their entitlement to additional notice of the violations.

**{¶7}** The Fidoes countered these arguments and urged in pertinent part that the Association did not have the standing or the ability to evict as the unit owners were not named. The Fidoes pointed out that the Association's own complaint quotes the statutory requirement that the eviction action be brought in the unit owner's name.

{¶8} On July 17, 2012, the trial court adopted the magistrate's decision, pasted that decision into the court's entry, and entered judgment for the Fidoes. The Association filed a timely notice of appeal. The Association sets forth the following assignment error: "The Trial Court erred in Denying Issuance of a Writ in Eviction of Appellees for Breach of the Parties' Existing Settlement Agreement and Appellees Failure to Comply with the Condominium Association Bylaws, as Amended, Thereafter in August 2010."

{¶9} After arguing that the trial court's decision was not supported by the facts in the case and constituted an abuse of discretion, the Association urges that we uphold the portion of the trial court's decision which overruled the Fidoes' argument about a lack of subject matter jurisdiction due to the mislabeling of the notice to vacate as a three-day notice. On that topic, the Association argues the entitlement to ten-days' notice was contractual (from the prior settlement agreement) as opposed to statutory, the answer only raised a statutory notice issue, and they waited well over ten days to file the eviction action after serving the notice to vacate on the Fidoes.

{¶10} However, we focus our attention here on the failure to bring the action in the name of the unit owners. Before arguing the merits of their assignment of error, the Association notes that the Fidoes raised this issue in their answer, and the Association's brief asserts that it had standing to evict under R.C. 5311.19(B)(1)-(3) in conjunction with Article 19(1)(b) of the Declaration of Condominium Ownership. The Fidoes' brief responds to this statement by citing the plain language of R.C. 5311.19(B)(1), and the Fidoes suggest that rather than reviewing the merits, this court should dismiss the eviction action for violation of that statute. No reply brief was filed.

{¶11} R.C. 5311.19(B)(1) provides: "Except as otherwise provided in the declaration or the bylaws, a unit owners association may initiate eviction proceedings, pursuant to Chapters 5321. and 1923. of the Revised Code, to evict a tenant for a violation of division (A) of this section. The action *shall be brought* by the

unit owners association, as the unit owner's agent, *in the name of the unit owner.*" (Emphasis added).

**{¶12}** R.C. 5311.19(B)(1) provides the means for an association to evict a tenant of a condominium. Courts regularly dismiss eviction actions where the statutorily-required notice to vacate in 1923.04(A) is not provided three days prior to filing the eviction action or is served by the wrong method or contains lacking language. *See Mularcik v. Adams*, 7th Dist. No. 03JE17, 2004-Ohio-1383, ¶ 21, 24-25 (notice with language that inadequately tracks statutorily-required language deprives trial court of subject matter jurisdiction); *Youngstown Metropolitan Hsg. Auth. v. Higgins*, 7th Dist. No. 99CA81 (Aug. 4, 2000) (sending three-day notice to vacate by regular mail was insufficient compliance with the statutory prerequisites to commencement of the action and thus the trial court's subject matter jurisdiction was not invoked). This is because "[p]roper service of the three-day notice is a condition precedent to the commencement of an eviction action, and it is a separate jurisdictional step that must be completed before an FED action is filed." *Ebbing v. Mathis*, 12th Dist. No. CA2012-10-201, 2013-Ohio-2373, ¶ 11.

**{¶13}** Just as compliance with statutes such as R.C. 1923.04(A) is a precondition to a court's jurisdiction in an eviction action, R.C. 5311.19(B)(1) provides a similar prerequisite to the initiation of an eviction action by an association: it must be commenced in the name of the unit owner. The unit owner is the actual landlord and titled owner of the unit. Notably, R.C. 5311.19(B)(3) provides: "The costs of any eviction action brought pursuant to division (B)(1) of this section, including reasonable attorney's fees, shall be charged to the unit owner and shall be the subject of a special assessment against the offending unit and made a lien against that unit." The Association quoted this provision in its complaint and paraphrased it in its proposed findings and conclusions, apparently seeking to charge the unit owners with various costs in the eviction action and to acquire an assessment and a lien on the unit owners' realty. Yet, the unit owners are not even involved in this case. The legislature expressly chose to prohibit an association from bringing the

eviction action in its own name. If the special statutory eviction action is not brought in the unit owner's name, then the trial court cannot proceed with the eviction action.

{¶14} As aforementioned, the Association stated that they were permitted to bring the action pursuant to R.C. 5311.19(B)(1)-(3) and the Declarations, and the magistrate stated at the hearing that Association's "Articles" permit this Association to bring this action on behalf of the unit owners. However, the pertinent consideration is whether the association could bring the action on behalf of the unit owners; that answer encompasses only the first half of the pertinent sentence in R.C. 5311.19(B)(1). Rather, under the second half of the pertinent statutory sentence, the consideration is whether the action was brought in the name of the unit owners.

{¶15} Moreover, we have all of the exhibits submitted at the hearing. No articles, bylaws, declarations, or lease documents were presented as exhibits. No testimony was presented that the some contractual document states, for instance, that an eviction action need not be brought in the name of the unit owner. And, although the complaint states that various documents provide them with authority or caused liability, nothing besides the notice to vacate was attached to the complaint.

{¶16} We note that the prior settlement agreement was in the record. As stated above, it provided that the Overlys waived future notices and the parties agreed that all future notices related to the unit shall be sent to the Fidoes, who shall not raise lack of notice to the Overlys as a defense in a future proceeding. The provision of notices related to the unit may encompass notices such as the ten-day written notice of eviction to the unit owner under R.C. 5311.19(B)(2) (as mentioned in the Association's proposed findings and conclusions). *See also* R.C. 5311.081(C)(1) (notice required before imposing charges for damages or enforcement assessments). However, a waiver of notices related to the unit does not affect the statutory requirement in R.C. 5311.19(B)(1) that the eviction action be brought in the name of the unit owner. In other words, even if it could, the settlement agreement did not assign the ability to act as the statutorily-required plaintiff or otherwise state that the Overlys and Fidoes agreed that any eviction action could be brought only in the name of the Association.

**{¶17}** The Association's own complaint specifically noted that the action is to be brought in the name of the unit owner. The issue was clearly raised in the Fidoes' answer, in a motion to dismiss prior to trial, and in their response to the association's objections to the magistrate's decision. Yet, the Association did not even explain the lack of compliance with R.C. 5311.19(B)(1). All we have is the plain language of a statute which allows that association to bring the eviction action on behalf of the unit owners, but requires that action to be brought in the name of the unit owner.

**{¶18}** Even if the issue is not the equivalent of a precondition to subject matter jurisdiction in an eviction action (as is the notice issue in cases such as *Higgins)*, there is a clear statutory directive as to whom the named plaintiff must be in order for the Association to be entitled to file an eviction action. And, there exists a clear and raised violation of the statute here. The statutory directive is more than a real party in interest or joinder issue. In any event, although the latter types of issues can be cured, the issue here was not cured.

**{¶19}** Finally, we compare the situation with certain case law in declaratory actions. "A party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a declaratory judgment." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478 ¶ 99-100 (action dismissed for lack of party). This has been characterized as a lack of jurisdiction to proceed to judgment rather than a complete lack of jurisdiction over the action as initiated. *See, e.g., Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.*, 86 Ohio St.3d 318, 321, 715 N.E.2d 127 (1999). Still, where amendment was not sought below, dismissal is appropriate. *See, e.g., id.; Portage*, 109 Ohio St.3d 106. *See also State ex rel. Doe v. Cappe*r, 132 Ohio St.3d 365, 2012-Ohio-2686, 977 N.E.2d 553, (where parentage action statute required the minor child to be named as a party unless there is a showing of good cause, the Court found the failure to name the child resulted in both a lack of personal jurisdiction to order the child to submit to tests and also ordered the trial judge to dismiss the entire parentage action due to the lack of a statutorily-required necessary party). Notably, the statute at issue in *Portage* generally required

all interested persons to be made parties and the statute at issue in *Capper* required a specific omitted person to be named as a party. The statute at issue in this case specially requires the entire action to be brought in the specific omitted person's name (the unit owner). In accordance with this reasoning as well, dismissal is appropriate.

{¶20} In sum, because the statute requiring the action to be brought in the name of the unit owner was violated, we cannot review the facts presented at the eviction action. This case should not have proceeded in the face of the statutory violation as to the named plaintiff. For all of the foregoing reasons, the eviction action is dismissed.

Waite, J., concurs.
DeGenaro, P.J., concurs in judgment only; see concurring in judgment only opinion.

DeGenaro, P.J., concurring in judgment only.

{¶21} I must concur in judgment only because most of the majority's analysis is superfluous. It is has long been recognized that an action in forcible entry and detainer was not available at common law, but is a creature of statute. *Yager v. Wilber*, 8 Ohio 398, 1838 WL 20; *Rothwell v. Winterstein*, 42 Ohio St. 249, 1884 WL 234. R.C. 5311.19 addresses condominium eviction proceedings and provides that a unit owners association may evict a tenant for violating deed restrictions, bylaws, or rules of the association. R.C. 5311.19(A); R.C. 5311.19(B)(1). Pertinent to this appeal as noted by the majority, "The action shall be brought by the unit owners association, as the unit owner's agent, in the name of the unit owner." R.C. 5311.19(B)(1).

{¶22} Here, the Association brought the action in its own name against the Fidoes. The record is clear that the Association did not bring the action in the name of the Overlys as mandated by R.C. 5311.19(B)(1). "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation." *E. Liverpool v.*

*Buckeye Water*, 7th Dist. Nos. 11 CO 41, 11 CO 42, 2012-Ohio-2821 citing *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). Pursuant to the unambiguous language of the statute, the Association's failure to join the Overlys is fatal. Thus, dismissal is warranted for this reason above.